■ In the Matter of KEVIN O'HARE, Appellant, v NEW YORK CITY POLICE DEPARTMENT et al., Respondents.—Judgment, Supreme Court, New York County (Jawn A. Sandifer, J.), entered March 17, 1989, which dismissed petitioner's CPLR article 78 proceeding in all respects, is unanimously affirmed, without costs.

On December 27, 1987, petitioner, a probationary police officer, was injured in an off-duty automobile accident. His injury consisted of a compound fracture of the left femur, which necessitated two surgeries and the implantation of a steel rod and pins into his leg. The first surgery was performed in January 1988. Thereafter, petitioner was examined by several doctors, some of them employees of the Police Department. The two police doctors expressed the opinion that petitioner's leg will never heal completely and petitioner will never be able to fully perform his duties as a police officer. On August 5, 1988, petitioner's employment as a probationary police officer was terminated.

Petitioner asserts he was terminated in violation of Executive Law § 296 (1) (a), which states that it is unlawful to discharge an individual from employment on the basis of a disability. "Disability" is defined in Executive Law § 292 (21) as follows: "21. The term 'disability' means (a) a physical, mental or medical impairment resulting from anatomical, physiological or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques or (b) a record of such an impairment or (c) a condition regarded by others as such an impairment, provided, however, that *in all provisions of this article dealing with employment, the term shall be limited to disabilities which do not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held."* (Emphasis added.)

The record clearly demonstrates that petitioner's disability does not fall within the definition of the term "disability" as contemplated by the Executive Law and, accordingly, the termination of petitioner did not constitute an unlawful discrimination on the part of respondent.

Additionally, where there is a dispute among several doctors regarding petitioner's prognosis, " '[i]t is not for the courts to choose between * * * diverse professional opinions. That is the function of the proper department heads and as long as they act reasonably and responsibly, the courts will not interfere.' *(McCabe v Haberman,* 33 AD2d 547.)" *(Matter of Palozzolo v Nadel,* 83 AD2d 539, *affd* 55 NY2d 984.)

Moreover, as a probationary employee, petitioner could have been terminated at any time without a hearing or statement of reasons for the discharge. *(Haberman v Codd,* 48 AD2d 505.) Absent proof that the discharge was in bad faith or for an

improper reason, probationary employees may be dismissed without a hearing *(Matter of York v McGuire,* 99 AD2d 1023, *affd* 63 NY2d 760) and this court's review power, therefore, is limited to an inquiry as to whether the termination of petitioner was made in bad faith. *(Matter of Johnson v Katz,* 68 NY2d 649.)* We find no evidence in the record which supports the conclusory allegations of bad faith contained in the petition. We, therefore, find that petitioner was properly dismissed. *(See, Matter of Bergamini v Manhattan & Bronx Surface Tr. Operating Auth.,* 62 NY2d 897; *Matter of Mazur v Ryan,* 98 AD2d 974.)* Concur—Kupferman, J. P., Carro, Rosenberger, Ellerin and Rubin, JJ.