■ In the Matter of ANTHONY PANTALEONE, Appellant, v NORWOOD E. JACKSON, as Commissioner of Westchester County Department of Corrections, Respondent. [611 NYS2d 631] —In a proceeding pursuant to CPLR article 78 to compel the respondent to reinstate the petitioner to his position as a probationary correction officer, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered July 10, 1992, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner alleged that he was discharged from his position as a probationary correction officer as a result of age discrimination in violation of Executive Law § 296, and that the decision to terminate his employment was thus arbitrary and capricious, and made in bad faith.

It is well settled that the termination of employment of a probationary employee without a hearing must be upheld unless there is a demonstration that the dismissal was for a constitutionally impermissible purpose, or in violation of statutory or decisional law *(Matter of York v McGuire,* 63 NY2d 760, 761).

In order to make out a prima facie case of age discrimination, the petitioner must establish in the first instance that he was qualified for the position he held *(Mayer v Manton Cork Corp.,* 126 AD2d 526). It is uncontroverted, on this record, that petitioner had failed during his probationary period to qualify in a "firearm training/unsafe procedures" course, was failing a course in defensive tactics, and had missed other required courses due to several absences. The petitioner was notified by letter dated April 19, 1990, that he was being discharged due to his unsatisfactory performance. Thereafter, the petitioner wrote letters to the respondent Commissioner of Corrections in which he made no claim of age discrimination, conceded that he had failed his required courses and examinations and acknowledged that he was suffering from great stress, which had adversely affected his work performance.

We find that the court properly dismissed the petition based on the uncontroverted evidence of the petitioner's unsatisfactory job performance *(see, Matter of Engoren v County of Nassau,* 163 AD2d 520, 521). The petitioner's claim that his discharge was arbitrary and capricious and in bad faith is not supported by the record *(see, Matter of Holmes v Sielaff,* 182 AD2d 557). Miller, J. P., Altman, Goldstein and Florio, JJ., concur.