■ In the Matter of MICHELLE R. NELSON, Appellant, v CATHERINE ABATE, as Correction Commissioner of the City of New York, et al., Respondents. [613 NYS2d 889] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered April 23, 1993, which denied petitioner's application pursuant to CPLR article 78 to annul respondent's determination terminating petitioner's probationary employment as a correction officer, unanimously affirmed, without costs.

"It is well settled that a probationary employee may be discharged without a hearing and without a statement of reasons in the absence of any demonstration that dismissal was for a constitutionally impermissible purpose or in violation of statutory or decisional law." *(Matter of York v McGuire,* 63 NY2d 760, 761.) The court's inquiry in this instance is limited to the question of whether the dismissal was in bad faith *(Matter of Johnson v Katz,* 68 NY2d 649, 650); and the record before this Court offers no support for petitioner's conclusory allegations that she was terminated due to, or as a result of her participation in the Employee Assistance Program. Indeed, petitioner's record of excessive absence and lateness was established well before her participation in that program and provided a sufficient basis for her termination *(see, Matter of Jones v Sielaff,* 189 AD2d 593; *Matter of Dolcemaschio v City of New York,* 180 AD2d 573, 575). Concur —Sullivan, J. P., Carro, Wallach, Williams and Tom, JJ.