■ In the Matter of PHYLLIS THOMAS, Appellant, v CATHERINE M. ABATE, as Correction Commissioner of the City of New York, et al., Respondents. [623 NYS2d 870] —Judgment (denominated an order), Supreme Court, New York County (Edward Lehner, J.), entered on or about November 8, 1993, which denied the petition seeking to annul a determination of the Correction Commissioner of the City of New York terminating the petitioner as a probationary correction officer in the New York City Department of Correction and seeking reinstatement with back pay, or, in the alternative, an evidentiary hearing as to the respondents' good faith, unanimously affirmed, without costs.

The IAS Court properly determined that the termination of the petitioner was neither arbitrary, capricious nor made in bad faith and that the petitioner was not entitled to an evidentiary hearing prior to her dismissal, where, as here, the record reveals that the petitioner was absent on sick leave on 376 work days during her 26 month probationary period and that Department medical personnel found that the petitioner would never be medically fit to return to full duty.

A probationary employee can be dismissed without a hearing and without a statement of reasons in the absence of any demonstration that dismissal was for a constitutionally impermissible purpose or in violation of statutory or decisional law *(Matter of York v McGuire,* 63 NY2d 760). Judicial review of such a determination is limited to an inquiry as to whether the termination was made in bad faith *(Matter of Johnson v Katz,* 68 NY2d 649), and the petitioner bears the burden of raising and proving such bad faith, with mere conclusory allegations of bad faith based upon speculation insufficient to meet that burden and to require a hearing on the issue of bad faith *(Matter of Cortijo v Ward,* 158 AD2d 345).

Petitioner has failed to introduce any credible evidence to substantiate her conclusory allegations that the respondents

acted in bad faith in terminating her employment, particularly where, as here, extensive absences of a probationary employee, as set forth in the employment record of the petitioner, has been repeatedly recognized as a good faith basis for the termination of the probationary employment of a correction officer (e.g., Nelson v Abate, 205 AD2d 454, 455), and where the physical incapacity of a probationary employee to perform the duties of the position, as was the medical opinion of the Health Management Division of the Department of Correction with respect to the petitioner, also constitutes a good faith basis to terminate the employee's probationary employment (Talamo v Murphy, 38 NY2d 637, 639).

Nor did the petitioner achieve tenure prior to her termination because the petitioner concededly missed 205 consecutive days of work after a June 11, 1991 automobile accident and also missed 129 consecutive days of work since the alleged reactivation of that prior injury on July 10, 1992, and because her period of probation was therefore automatically extended by the number of work days during which the petitioner, as a probationary employee, was on sick leave or on limited duty status pursuant to New York City Department of Personnel Rules [59 RCNY Appendix A] § 5.2.8 (6) (Matter of Rivoli v Stern, 160 AD2d 601).

Finally, petitioner's mere belief of bad faith, unsupported by proof in support thereof, based upon an alleged discrimination on the basis of a disability or retaliation for the filing of a claim for Workers' Compensation benefits, does not warrant an evidentiary hearing, where, as here, the termination of the petitioner's probationary employment was based upon her physical inability to perform the duties of the position (Matter of O'Hare v New York City Police Dept., 161 AD2d 487, 488), and her extended absenteeism as a result of a work-related injury (Matter of Donohue v Scandinavian Airlines, 134 AD2d 660). Concur—Rubin, J. P., Ross, Nardelli, Williams and Tom, JJ.