■ In the Matter of ANDREW SAPADIN, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent. [666 NYS2d 421] —Order and judgment (one paper), Supreme Court, New York County (Stanley Sklar, J.), entered April 9, 1996, which denied petitioner's application brought pursuant to CPLR article 78 to annul respondent's determination terminating his employment as a probationary teacher, and dismissed the petition, unanimously affirmed, without costs.

The IAS Court properly found that petitioner, a union member, has no right to sue respondent to enforce a provision of the collective bargaining agreement absent a showing that the union breached its duty of fair representation (*see, Matter of Board of Educ. v Ambach*, 70 NY2d 501, 511, *cert denied sub nom. Margolin v Board of Educ.*, 485 US 1034). The mere refusal by a union to proceed with a grievance does not in itself establish a breach of the duty cf fair representation (*see, Albino*

*v City of New York*, 80 AD2d 261, 270). Rather, "there must be a showing that the activity, or lack thereof, which formed the basis of the charges against the union was deliberately invidious, arbitrary or founded in bad faith" (*Matter of Civil Serv. Empls. Assn. v Public Empl. Relations Bd.*, 132 AD2d 430, 432, *affd on other grounds* 73 NY2d 796).

The court also properly held that petitioner prematurely sought judicial review without waiting to learn the determination of the review process provided by the contract and section 5.3.4 of respondent's bylaws (*see, Matter of Frasier v Board of Educ.*, 71 NY2d 763, 766; *Lewis v Macchiarola*, 73 AD2d 663, *affd* 53 NY2d 629).

Finally, petitioner failed to show that the termination of his probationary appointment was made in bad faith (*see, Matter of Blum v Quinones*, 139 AD2d 509, *appeal dismissed* 72 NY2d 908). Concur—Sullivan, J. P., Milonas, Ellerin, Nardelli and Mazzarelli, JJ.