■ In the Matter of KAREN GULEMI, Appellant, v CLARE B. BRADLEY, as Commissioner of Suffolk County Department of Health Services, Respondent. [700 NYS2d 215] —In a proceeding

pursuant to CPLR article 78 to review a determination of the respondent, Clare B. Bradley, the Commissioner of the Suffolk County Department of Health Services, dated January 30, 1998, terminating the petitioner's employment as a probationary dental assistant, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Werner, J.), dated October 7, 1998, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The employment of the petitioner, a probationary employee, could be terminated without a hearing and without a statement of reasons provided that the termination was not in bad faith, in violation of statutory or decisional law, or for unconstitutional or illegal reasons (*see, Matter of Green v Board of Educ.,* 262 AD2d 411; *Matter of Williams v Commissioner of Off. of Mental Health of State of N. Y.,* 259 AD2d 623; *Matter of Wilson v New York City Tr. Auth.,* 254 AD2d 426). The petitioner bears the burden of establishing bad faith or illegal reasons by competent evidence (*see, Matter of Green v Board of Educ., supra; Matter of Williams v Commissioner of Off. of Mental Health of State of N. Y., supra; Matter of Leskow v Office of Ct. Admin.,* 248 AD2d 1004). Speculative and/or conclusory allegations of bad faith, improper motive, or unlawfulness are insufficient to meet this burden or to warrant a hearing (*see, Matter of Leskow v Office of Ct. Admin., supra; Matter of Thomas v Abate,* 213 AD2d 251).

The Supreme Court properly denied the petition based on the evidence of the petitioner's excessive absences and unsatisfactory job performance (*see, Matter of Williams v Commissioner of Off. of Mental Health of State of N. Y., supra; Matter of Pantaleone v Jackson,* 204 AD2d 458; *Matter of Feinberg v Higgins,* 199 AD2d 266). The petitioner failed to sustain her burden of establishing that her dismissal was based on a perceived disability in violation of the anti-discrimination laws or was otherwise motivated by bad faith (*see, Matter of Williams v Commissioner of Off. of Mental Health of State of N. Y., supra; Matter of Pantaleone v Jackson, supra*). Santucci, J. P., Joy, Goldstein and Feuerstein, JJ., concur.