■ In the Matter of TERENCE A. BOURNE, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [712 NYS2d 396] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Transit Authority terminating the petitioner's employment as a probationary station agent, the petitioner appeals from a judgment of the Supreme Court, Kings County (Kramer, J.), dated November 23, 1998, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The employment of the petitioner, a probationary employee, could be terminated without a hearing provided that the termination was not in bad faith, in violation of statutory or decisional law, or for unconstitutional or illegal reasons (see, Matter of Gulemi v Bradley, 267 AD2d 386; Matter of Green v Board of Educ., 262 AD2d 411; Matter of Williams v Commissioner of Off. of Mental Health of State of N. Y., 259 AD2d 623; Matter of Wilson v New York City Tr. Auth., 254 AD2d 426). The petitioner has the burden of establishing by competent evidence that his termination was in bad faith or for illegal reasons (see, Matter of Gulemi v Bradley, supra; Matter of Green v Board of Educ., supra; Matter of Williams v Commissioner of Off. of Mental Health of State of N. Y., supra; Matter of Leskow v Office of Ct. Admin., 248 AD2d 1004). Speculative, conclusory allegations of bad faith, improper motive, or unlawfulness are insufficient to meet this burden or to warrant

a hearing (*see, Matter of Leskow v Office of Ct. Admin., supra; Matter of Thomas v Abate,* 213 AD2d 251).

The Supreme Court properly denied the petition based on the evidence of the petitioner's unsatisfactory job performance (*see, Matter of Gulemi v Bradley, supra; Matter of Williams v Commissioner of Off. of Mental Health of State of N. Y., supra; Matter of Pantaleone v Jackson,* 204 AD2d 458; *Matter of Feinberg v Higgins,* 199 AD2d 266). The petitioner failed to sustain his burden of establishing that his termination was motivated by bad faith or for any other improper reason.

The petitioner's remaining contentions are without merit. Bracken, J. P., O'Brien, Thompson and Florio, JJ., concur.