■ In the Matter of CITY EMPLOYEES UNION LOCAL 237, IBT AFL-CIO, Respondent, v CITY OF NEW YORK et al., Appellants. [814 NYS2d 95]—

Order and judgment (one paper), Supreme Court, New York County (Faviola A. Soto, J.), entered on or about July 22, 2005, which, upon reargument and renewal, directed the Department of Education (DOE) to rescind the termination of Patricia Collins, found that she was entitled to recover back pay, and commanded DOE to hold a conference with petitioner union to find alternative employment for the subject employee, unanimously reversed, on the law, without costs, the petition denied and the proceeding dismissed. Appeal from judgment, same court and Justice, entered February 14, 2005, which, in granting the same relief, simply directed DOE to provide petitioner with the notice required under its collective bargaining agreement regarding a conference for finding alternative employment for Patricia Collins, and determined that her back pay recovery should be in

her title of Agency Attorney Interne, unanimously dismissed, without costs, as superseded by the appeal from the July 22, 2005 order and judgment.

Supreme Court erred in granting this petition. Petitioner initially alleged that DOE wrongfully terminated one of its membership in violation of the Civil Service Law. However, after the court correctly rejected those claims, petitioner alleged a violation of the parties' collective bargaining agreement in that it requires that the union receive advance notice of layoffs and an opportunity to meet with DOE officials to discuss "feasible alternatives to all or part of such scheduled layoffs." Since such dispute fell within the ambit of the "Complaint and Grievance Procedure" of the parties' collective bargaining agreement, petitioner was bound, in the first instance, to proceed in accordance with the agreement and not bring suit directly against the employer (*Matter of Board of Educ., Commack Union Free School Dist. v Ambach*, 70 NY2d 501, 508 [1987], *cert denied sub nom. Margolin v Board of Educ., Commack Union Free School Dist.*, 485 US 1034 [1988] ["Unless the contract provides otherwise, only when the union fails in its duty of fair representation can the employee go beyond the agreed procedure and litigate a contract issue directly against the employer"]). Consequently, at that point, in the absence of a showing of any grounds for CPLR article 78 relief or of the futility of pursuing the grievance procedure, the petition should have been dismissed (*see Matter of Moreira-Brown v New York City Bd. of Educ.*, 288 AD2d 21 [2001]; *Parisi v New York City Hous. Auth.*, 269 AD2d 210 [2000]; *Matter of Sapadin v Board of Educ. of City of N.Y.*, 246 AD2d 359 [1998]). Concur—Tom, J.P., Saxe, Nardelli, Williams and Gonzalez, JJ.