*625 Judgment, Supreme Court, New York County (Saliann Scarpulla, J.), entered February 14, 2013, which, to the extent appealed from, denied the petition seeking to annul respondents’ determination denying petitioner tenure and terminating her employment, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner failed to demonstrate that she acquired tenure by estoppel, since, as the record demonstrates, she did not perform the duties of a teacher beyond her probationary term (Matter of McManus v Board of Educ. of Hempstead Union Free School Dist., 87 NY2d 183, 187 [1995]; Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist., 81 NY2d 446, 451 [1993]). On the contrary, the DOE made clear to petitioner that she would not be given tenure and, at most would be offered an extension of her probationary period, which she declined (see Matter of Ronga v Klein, 81 AD3d 567, 568 [1st Dept 2011], lv denied 17 NY3d 704 [2011]).
Petitioner was not placed in a classroom nor did she perform any traditional teaching functions prior to the expiration of her probationary period. Instead, the record demonstrates that she performed administrative tasks instead of traditional teaching duties (compare e.g. Matter of Speichler v Board of Coop. Educ. Servs., Second Supervisory Dist, 90 NY2d 110, 119 [1997]; Ricca v Board of Educ. of City School Dist. of City of N.Y., 47 NY2d 385, 392 [1979]).
Petitioner further failed to sustain her burden of showing that the DOE engaged in bad faith when it terminated her employment since she received two letters of misconduct and an unsatisfactory performance rating (see Matter of Che Lin Tsao v Kelly, 28 AD3d 320 [1st Dept 2006]; Matter of Thomas v Abate, 213 AD2d 251, 251-252 [1st Dept 1995]).
Concur—Tom, J.P, Moskowitz, Manzanet-Daniels, Feinman and Gische, JJ.