■ DIANNA MORTON, Plaintiff, and GRANT TEDALDI et al., Appellants, v MICHAEL MULGREW, as President of the New York United Federation of Teachers, Local 2, AFT, AFL-CIO, Respondent. [39 NYS3d 789]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered July 23, 2015, which, to the extent appealed from, granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously affirmed, without costs.

The complaint alleges that New York United Federation of Teachers, Local 2, AFT, AFL-CIO, breached the duty of fair

representation to plaintiffs by ratifying, on June 3, 2014, a collective bargaining agreement that provided for wage increases retroactive to the October 31, 2009 expiration of the preceding agreement both for members employed on June 3, 2014 and for members who had retired after October 31, 2009, but not for former members, such as plaintiffs, who had resigned from their employment between those two dates.

Cognizant of the obstacle to this suit presented by the *Martin* rule, which "limit[s] such suits . . . to cases where the individual liability of every single member can be alleged and proven" (*Martin v Curran*, 303 NY 276, 282 [1951]; General Associations Law § 13), plaintiffs argue that the rule was abrogated by the enactment of the Taylor Law in 1967 (Civil Service Law § 200 *et seq.*), or by its 1990 amendment. This argument is unavailing in light of the recent decision of the Court of Appeals upholding the *Martin* rule (even as it questioned the rule's "continued utility or wisdom") (*Palladino v CNY Centro, Inc.*, 23 NY3d 140, 150 [2014]).

Given the foregoing, we need not reach plaintiffs' remaining contentions. Concur—Renwick, J.P., Feinman, Gische and Kapnick, JJ.