■ In the Matter of HILDA GIL, Appellant, v DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents. [46 NYS3d 55]—

Judgment (denominated an order), Supreme Court, New York County (Paul Wooten, J.), entered April 21, 2015, which granted respondents' motion to dismiss the petition seeking to reverse their determination, dated December 9, 2013, terminating petitioner from employment as a paraprofessional, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

An aggrieved union member whose employment is subject to a collective bargaining agreement between the union and the employer must first avail herself of the grievance procedure set forth in the agreement before she can commence an action seeking relief under CPLR article 78 (*see Matter of Plummer v Klepak*, 48 NY2d 486, 489 [1979], *cert denied* 445 US 952 [1980]; *Matter of Cantres v Board of Educ. of City of N.Y.*, 145 AD2d 359, 360 [1st Dept 1988]; *Matter of Sapadin v Board of Educ. of City of N.Y.*, 246 AD2d 359, 360 [1st Dept 1998]).

Only when the union fails in its duty of fair representation can an employee go beyond the agreed grievance procedure in a collective bargaining agreement and litigate directly against the employer (*see Matter of City Empls. Union Local 237, IBT AFL-CIO v City of New York*, 28 AD3d 230, 231 [1st Dept 2006]).

Petitioner conceded that the grievance filed on her behalf by the union was not resolved at the time the petition was filed. Accordingly, the court properly concluded that she failed to exhaust her available contractual remedies.

Moreover, the petition did not allege a claim against the union, a necessary party, based on a breach of the duty of fair representation. Thus, this claim is unpreserved (*see Matter of Cocozzo v Ward*, 162 AD2d 202, 203 [1st Dept 1990]).

In any event, the petition did not allege facts sufficient to show that the union's lack of activity on petitioner's behalf was deliberately invidious, arbitrary or founded in bad faith (*see Matter of Board of Educ., Commack Union Free School Dist. v Ambach*, 70 NY2d 501, 508 [1987], *cert denied sub nom Margolin v Board of Educ. Commack Union Free School Dist.*, 485 US 1034 [1988]). Given petitioner's history of similar misconduct, a determination by the union not to go forward with arbitration, if made, was rational.

Petitioner was not entitled to a name-clearing hearing because, as the petitioner conceded, she did not allege dissemination or likely dissemination of the allegedly false charge of infliction of excessive corporal punishment on a student (*see Matter of Swinton v Safir*, 93 NY2d 758, 763-765 [1999]). Concur—Acosta, J.P., Mazzarelli, Feinman and Webber, JJ.