In the Matter of BRUNILDA FREYTES, Appellant, v CITY OF NEW YORK et al., Respondents. [46 NYS3d 51]—

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered April 30, 2015, denying the petition to, inter alia, annul respondents' determination, dated July 29, 2014, which upheld petitioner's unsatisfactory rating (U-rating) for the 2012-2013 school year, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Petitioner failed to show that the U-rating was arbitrary and capricious, or made in bad faith (*see generally Matter of Murnane v Department of Educ. of the City of N.Y.*, 82 AD3d 576 [1st Dept 2011]). The evidence shows that petitioner failed to timely complete a "curriculum map," which sets out the topics of study and general lesson plan for the school year, despite being charged with overseeing the preparation of the map during the summer of 2012. Petitioner also failed to update the principal about the project, although the principal repeatedly checked on its status. Such conduct provided a rational basis for the U-rating, as did petitioner's failure to rectify the situation when her failure was first discovered in October 2012.

The various excuses proffered by petitioner do not warrant a finding that the U-rating was arbitrary and capricious under the circumstances. Rather, to accept petitioner's excuses would amount to improperly second guessing the determination that petitioner's failure to timely complete the curriculum map "reflected a pedagogical deficiency that merited [a] U-rating" (*Matter of Van Rabenswaay v City of New York*, 140 AD3d 596, 596 [1st Dept 2016]; *see Maas v Cornell Univ.*, 94 NY2d 87, 92 [1999]).

The record also contains substantiated allegations of verbal abuse against a student by petitioner. Petitioner was made aware of the allegations and was given an opportunity to

submit a written statement denying them (*see Matter of Brennan v City of New York*, 123 AD3d 607 [1st Dept 2014]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Acosta, J.P., Mazzarelli, Feinman and Webber, JJ.