■ In the Matter of ANNA FINKELSTEIN, Respondent, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Appellants. [56 NYS3d 8]—

Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered February 16, 2016, denying respondents' cross motion to dismiss the amended petition, or, in the alternative, to submit an answer, granting the amended petition, which sought, inter alia, to annul the determination of respondents, dated December 23, 2014, discontinu-

ing petitioner's probationary employment, and ordering that she be reinstated with full salary and benefits retroactive to September 30, 2014, unanimously reversed, on the law, without costs, the judgment vacated, the petition granted only to the extent of awarding petitioner nine days' pay in accordance herewith, and the cross motion granted to the extent of dismissing the petition insofar as petitioner seeks reinstatement of her probationary employment, retroactive pay in excess of nine days salary and benefits.

Petitioner failed to avail herself of the grievance procedure set forth in her collective bargaining agreement before commencing the instant action seeking relief under CPLR article 78 (*see Matter of Gil v Department of Educ. of the City of N.Y.*, 146 AD3d 688 [1st Dept 2017]; *see also Matter of Sapadin v Board of Educ. of City of N.Y.*, 246 AD2d 359, 360 [1st Dept 1998]), and the court erred in relieving her of her obligation to exhaust her administrative remedies.

In any event, a probationary employee may be terminated for "almost any reason, or for no reason at all," as long as it is not "in bad faith or for an improper or impermissible reason" (*Matter of Swinton v Safir*, 93 NY2d 758, 762-763 [1999]; *see also Matter of DeVito v Department of Educ. of the City of N.Y.*, 112 AD3d 421 [1st Dept 2013]). "[T]he burden falls squarely on the petitioner to demonstrate, by competent proof, that a substantial issue of bad faith exists, or that the termination was for an improper or impermissible reason, and mere speculation, or bald, conclusory allegations are insufficient to shoulder this burden" (*Matter of Che Lin Tsao v Kelly*, 28 AD3d 320, 321 [1st Dept 2006] [citations omitted]; *see also Matter of Witherspoon v Horn*, 19 AD3d 250 [1st Dept 2005]).

The record shows that petitioner's dismissal was made in good faith and was based on substantiated findings after an independent investigation demonstrating that she neglected her duties and falsified records (*see Matter of Thomas v Abate*, 213 AD2d 251, 252 [1st Dept 1995]). The investigator's delay in publishing the written report amounted to a mere technical violation of the collective bargaining agreement, as petitioner received timely notice of the allegations, as well as an opportunity to respond, prior to the issuance of the report (*see Matter of Freytes v City of New York*, 146 AD3d 678 [1st Dept 2017]). The court's conclusion of bad faith stemming from the lateness of the report was purely speculative (*see Thomas*, 213 AD2d at 252).

However, petitioner is entitled to nine days' pay pursuant to Education Law § 3019-a because she was given inadequate no-

tice of her termination (*id.*; *see Matter of Tucker v Board of Educ., Community School Dist. No. 10*, 82 NY2d 274 [1993]). Concur—Sweeny, J.P., Richter, Andrias, Feinman and Kahn, JJ.