Matter of Mooney v New York City Tr. Auth. (2020 NY Slip Op 00065)





Matter of Mooney v New York City Tr. Auth.


2020 NY Slip Op 00065


Decided on January 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 7, 2020

Acosta, P.J., Manzanet-Daniels, Kapnick, Oing, JJ.


10729 100413/18

[*1] In re John Mooney, Petitioner, Brian Burke, Petitioner-Appellant,
v
New York City Transit Authority, et al., Respondents-Respondents.


Brian Burke, appellant pro se.
David I. Farber, Brooklyn (Daniel Chiu of counsel), for New York City Transit Authority, respondent.
David P. Quinn, Albany (Ellen M. Mitchell of counsel), for New York State Public Employment Relations Board, respondent.
Colleran, O'Hara & Mills, L.L.P., Woodbury (Steven C. Farkas of counsel), for Transport Workers Union Local 100, respondent.



Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered July 13, 2018, to the extent appealed from, denying the petition to vacate a determination by respondent Public Employment Relations Board (PERB), dated February 21, 2018, which dismissed petitioner Burke's improper practice charge against respondents New York City Transit Authority (NYCTA) and Transport Workers Union Local 100 (TWU), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
PERB's determination that petitioner failed to state a claim of improper practices against NYCTA and TWU is not arbitrary and capricious or legally impermissible (see District Council 37, Am. Fedn. of State, County, and Mun. Empls., AFL-CIO v City of New York, 22 AD3d 279 [1st Dept 2005]). PERB rationally found that petitioner failed to allege facts that would show that TWU engaged in arbitrary, discriminatory or bad faith conduct, as required to state a claim for breach of the duty of fair representation (see Matter of Civil Serv. Bar Assn., Local 237, Intl. Bhd. of Teamsters v City of New York, 64 NY2d 188, 195-196 [1984]). Indeed, petitioner acknowledged that a TWU representative sent an email to NYCTA, seeking to schedule three of petitioner's grievances for a Step II hearing. Petitioner's primary complaint, that NYCTA did not process his grievances quickly enough, does not present a basis for finding that TWU breached its duty of fair representation (Matter of Sapadin v Board of Educ. of City of N.Y., 246 AD2d 359 [1st Dept 1998]).
Because petitioner failed to show that TWU breached its duty of fair representation, he is precluded from litigating directly against NYCTA for a breach of Civil Service Law (Public Employees' Fair Employment Act) § 209-a(1) (Matter of Gil v Department of Educ. of the City of N.Y., 146 AD3d 688, 688 [1st Dept 2017]). In any event, PERB rationally concluded that petitioner's charge failed to allege facts that would show that NYCTA refused to process his grievances on the basis of improper motivation or discrimination (see Sapadin, 146 AD2d at 360). Construed liberally in petitioner's favor, the allegations in the charge are conclusory and [*2]fail to establish that PERB acted arbitrarily and capriciously in dismissing the charge (see Aristy-Farer v State of New York, 29 NY3d 501, 515-516 [2017]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 7, 2020
CLERK