Matter of Amanwah v Department of Educ. of the City of N.Y. (2021 NY Slip Op 00615)





Matter of Amanwah v Department of Educ. of the City of N.Y.


2021 NY Slip Op 00615


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Kapnick, J.P., Mazzarelli, Moulton, Shulman, JJ. 


Index No. 159310/2017 Appeal No. 13035 Case No. 2019-4731 

[*1]In the Matter of Luckisha Amanwah, Petitioner-Appellant,
v
The Department of Education of the City of New York, et al., Respondents-Respondents.


Stewart Lee Karlin Law Group, P.C., New York (Stewart Lee Karlin of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Julie Steiner of counsel), for respondents.



Judgment, Supreme Court, New York County (John J. Kelley, J.), entered May 13, 2019, denying the petition which challenged respondents' issuance of an unsatisfactory rating for the 2016-2017 school year on June 21, 2017, and the determination to discontinue petitioner's probationary position effective July 31, 2017, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner failed to demonstrate that respondents' determination to discontinue her probationary position as assistant principal "'was for a constitutionally impermissible purpose, violative of a statute, or done in bad faith'" (Matter of Mendez v New York City Dept. of Educ., 28 NY3d 993, 994 [2016]). As found by Supreme Court, petitioner's unsupported allegation that the discontinuance was in retaliation for her purported refusal to negatively evaluate two teachers failed to evidence bad faith (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]; see also Matter of Parris v New York City Dept. of Educ., 111 AD3d 528, 528 [1st Dept 2013], lv denied 23 NY2d 903 [2014]). The approximate two-year gap between the alleged protected activity and any adverse action by respondents is too remote to warrant an inference of causal connection (see Parris at 529; Baldwin v Cablevision Sys. Corp., 65 AD3d 961, 967 [1st Dept 2009], lv denied 14 NY3d 701 [2010]). Further, the record includes evidence of disciplinary letters showing dissatisfaction with petitioner's work performance that predate the alleged protected activity, demonstrating good faith and refuting the allegation of retaliation (see Matter of Leo v New York City Dept. of Educ., 100 AD3d 536, 537 [1st Dept 2012]; Parris, 111 AD3d at 528). Petitioner's contention that her annual reports of work performance are unfair and inaccurate, even if true, do not establish bad faith (see Matter of Hawkins v Farina, 171 AD3d 624, 625 [1st Dept 2019]; Matter of Mathew v Board of Educ. of the City Sch. Dist. of the City of N.Y., 168 AD3d 496, 496 [1st Dept 2019]).
Supreme Court properly declined to consider petitioner's conclusory claim of tenure-by-estoppel, raised for the first time in her reply papers (see 416 W. 25th St. Lender LLC v 416 W. 25th St. Assoc., LLC, 182 AD3d 432, 433 [1st Dept 2020]; Matter of Cherry v Horn, 66 AD3d 556, 557 [1st Dept 2009]).
Petitioner failed to show that the issuance of the unsatisfactory rating which preceded the discontinuance was arbitrary and capricious, as evidence showing documented work issues during the 2016-2017 school year provided a rational basis (see Matter of Freytes v City of New York, 146 AD3d 678, 678 [1st Dept 2017]; Matter of Van Rabenswaay v City of New York, 140 AD3d 596, 596 [1st Dept 2016]).
 THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021