Matter of Frazier v Brann (2021 NY Slip Op 06442)





Matter of Frazier v Brann


2021 NY Slip Op 06442


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Kapnick, J.P., Webber, Oing, Moulton, Rodriguez, JJ. 


Index No. 161516/18 Appeal No. 14658 Case No. 2021-02347 

[*1]In the Matter of Jason Frazier, Petitioner-Appellant,
v
Cynthia Brann, Correction Commissioner of the New York City Department of Corrections et al., Respondents-Respondents.


Karasyk & Moschella, LLP, New York (Mercedes Maldonado of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondents.



Order and judgment (one paper) of the Supreme Court, New York County (Debra A. James, J.), entered on or about December 10, 2020, which denied the petition to annul respondents Cynthia Brann, Correction Commissioner of the New York City Department of Correction, the New York City Department of Correction and the City of New York's (collectively, DOC) August 18, 2018 termination of petitioner's employment as a probationary correction officer and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Supreme Court correctly denied the petition and dismissed the proceeding based on petitioner's violation of sick leave procedures under the negotiated probationary agreement (NPA) (see Matter of Kirdahy v Schembri, 223 AD2d 416 [1st Dept 1996]). Petitioner failed to submit evidence demonstrating that his termination was in bad faith or for illegal reasons (see Matter of Bradford v New York City Dept. of Correction, 56 AD3d 290, 290 [1st Dept 2008], lv denied 12 NY3d 711 [2009]; Kirdahy, 223 AD2d at 416).
Under the terms of the NPA, petitioner agreed that if he violated DOC's sick leave regulations, he was subject to termination "as any other probationary employee." DOC Directive No. 7509 requires investigators during absence control visits to knock on the employee's door at least 20 times, ring the doorbell at least 20 times, and call the employee's telephone and allow it to ring at least 20 times, hang up, redial the number, and let the telephone ring again at least 20 times. Here, during the absence control visit to petitioner's residence, the DOC investigator saw no lights and heard no noise within the residence. The investigator rang the doorbell 20 times, knocked on the door 20 times and called petitioner's phone twice, letting it ring seven times each before it went to voicemail. As stated by Supreme Court, this complied with the letter and the spirit of DOC Directive No. 7509 in determining that petitioner violated DOC's sick leave regulations. While petitioner's voicemail prevented the DOC investigator from letting the phone ring 20 times per call, nothing in DOC Directive No. 7509 required the investigator to call more than twice. Indeed, here the investigator would have had to call over five times. Even if it were reasonable to read the directive as requiring not just two phone calls, but as many calls as were necessary to achieve a cumulative 40 rings, such a
technical violation does not mean the dismissal was in bad faith or illegal (see Matter of Finkelstein v Board of Educ. of the City Sch. Dist. of the City of N.Y., 150 AD3d 464, 465 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021