Matter of Burke v New York State Pub. Empl. Relations Bd. (2023 NY Slip Op 06041)

Matter of Burke v New York State Pub. Empl. Relations Bd.

2023 NY Slip Op 06041

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JANICE A. TAYLOR, JJ.

2021-00059
 (Index No. 4081/19)

[*1]In the Matter of Brian Burke, appellant, 
v
New York State Public Employment Relations Board, et al., respondents.

Brian Burke, New York, NY, appellant pro se.
Michael T. Fois, Albany, NY (Ellen M. Mitchell of counsel), for respondent New York State Public Employment Relations Board.
David I. Farber, Brooklyn, NY (Robert K. Drinan of counsel), for respondent New York City Transit Authority.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Public Employment Relations Board dated November 6, 2019, which affirmed a decision of an administrative law judge dated August 5, 2019, dismissing, without a hearing, an amended improper practice charge filed by the petitioner against the respondent New York City Transit Authority, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated February 27, 2020. The order and judgment granted the motion of the respondent New York State Public Employment Relations Board pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition, in effect, denied the petition, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with one bill of costs.
In January 2015, the respondent New York City Transit Authority (hereinafter NYCTA) informed the petitioner that because he had been absent and/or unable to perform the duties of his position as a train operator due to a nonservice connected illness/injury since April 2014, his employment would be terminated unless he reclassified to a different title. A reclassification required an employee to resign from his or her current title and become subject to a one-year probationary period in the new position. In March 2015, the petitioner accepted reclassification to station agent and returned to work. On April 6, 2015, the petitioner claimed to have suffered an on-the-job injury and did not return to work thereafter. Effective May 7, 2016, NYCTA terminated the petitioner's employment as a station agent "due to an unsatisfactory probationary period." The petitioner subsequently filed an amended improper practice charge against NYCTA, alleging that NYCTA violated Civil Service Law § 209-a(1)(a) and (c) by terminating his employment in retaliation for his having filed and prosecuted a prior improper practice charge. After an administrative law judge (hereinafter the ALJ) dismissed the amended charge, the petitioner filed exceptions to the ALJ's decision. On November 6, 2019, the respondent New York State Public Employment Relations Board (hereinafter PERB) issued a determination affirming the ALJ's [*2]decision. The petitioner then commenced this CPLR article 78 proceeding to annul PERB's determination. PERB moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition. The Supreme Court granted PERB's motion, in effect, denied the petition, and dismissed the proceeding. The petitioner appeals.
To establish improper motivation under the Taylor Law (see Civil Service Law § 209-a[1] et seq.), a charging party has the burden of proving "(a) that the employee was engaged in protected activity, (b) that such activity was known to the person making the adverse employment decision, and (c) that the action would not have been taken but for the protected activity" (Matter of Rockville Ctr. Teachers Assn., NYSUT, AFT, AFL-CIO v New York State Pub. Empl. Relations Bd., 281 AD2d 425, 425-426; see Matter of Board of Educ. of Deer Park Union Free School Dist. v New York State Pub. Empl. Relations Bd., 167 AD2d 398, 399).
On appeal, the scope of review is whether PERB's determination was affected by an error of law or was arbitrary and capricious or an abuse of discretion (see CPLR 7803[3]; Matter of Kent v Lefkowitz, 27 NY3d 499, 505; Matter of Town of Islip v New York State Pub. Empl. Relations Bd., 23 NY3d 482, 492), and "PERB is accorded deference in matters falling within its area of expertise," which "includes the resolution of improper practice charges" (Matter of Kent v Lefkowitz, 27 NY3d at 505 [internal quotation marks omitted]; see Matter of Village of Scarsdale v New York State Pub. Empl. Relations Bd., 205 AD3d 1031, 1034). "Arbitrary action is without sound basis in reason and is generally taken without regard to the facts" (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231).
Here, contrary to the petitioner's contention, PERB's determination has a rational basis in the record and was not arbitrary and capricious (see Matter of Forte v New York City Tr. Auth., 183 AD3d 562, 563; Matter of Mooney v New York City Tr. Auth., 179 AD3d 426, 426; Matter of Deitch v City of New York, 90 AD3d 924, 925). Accordingly, the Supreme Court properly granted PERB's motion to dismiss the petition, in effect, denied the petition, and dismissed the proceeding (see Matter of Bourne v New York City Tr. Auth., 274 AD2d 581, 581-582).
The parties' remaining contentions need not be addressed in light of our determination.
DILLON, J.P., IANNACCI, MILLER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court