Matter of City of Yonkers v New York State Pub. Empl. Relations Bd. (2024 NY Slip Op 06334)

Matter of City of Yonkers v New York State Pub. Empl. Relations Bd.

2024 NY Slip Op 06334

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-05702
 (Index No. 56319/22)

[*1]In the Matter of City of Yonkers, appellant, 
v
New York State Public Employment Relations Board, et al., respondents.

Coughlin & Gerhart, LLP, Binghamton, NY (Paul J. Sweeney, Nicholas S. Cortese, and Devin M. Dilts of counsel), for appellant.
Michael T. Fois, Albany, NY, for respondents New York State Public Employment Relations Board and John Wirenius.
Blitman & King LLP, Syracuse, NY (Paul K. Brown and Richard S. Corenthal of counsel), for respondent Yonkers Firefighters, Local 628, IAFF, AFL-CIO.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Public Employment Relations Board dated January 13, 2022, which affirmed a decision of an administrative law judge dated November 16, 2021, dismissing, without a hearing, an improper practice charge filed by the City of Yonkers against the Yonkers Firefighters, Local 628, IAFF, AFL-CIO, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Robert A. Neary, J.), entered June 30, 2022. The order and judgment granted the motion of the New York State Public Employment Relations Board pursuant to CPLR 7804(f) to dismiss the petition and, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The City of Yonkers commenced this proceeding pursuant to CPLR article 78 to review a determination of the New York State Public Employment Relations Board (hereinafter PERB) dated January 13, 2022, which affirmed a decision of an administrative law judge dated November 16, 2021, dismissing, without a hearing, an improper practice charge filed by the City against the Yonkers Firefighters, Local 628, IAFF, AFL-CIO (hereinafter the Union) in connection with an arbitration proceeding between the Union and the City regarding a procedure governing employee termination proceedings under Civil Service Law § 71. In its improper practice charge, the City alleged, inter alia, that certain of the Union's proposals in the arbitration proceeding purportedly involved nonmandatory subjects of negotiation. PERB moved pursuant to CPLR 7804(f) to dismiss the petition on the ground, among other things, that the administrative law judge correctly determined that the improper practice charge filed by the City was rendered academic by the issuance of an arbitration award on May 24, 2021, in the arbitration proceeding, which involved, inter alia, the subject of the improper practice charge. The arbitration award is the subject of a related appeal decided herewith (see Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, [*2]IAFF, AFL-CIO, _____ AD3d _____ [decided herewith]).
In an order and judgment entered June 30, 2022, the Supreme Court granted PERB's motion and, in effect, denied the petition and dismissed the proceeding. The City appeals. We affirm.
On appeal, the scope of review is whether PERB's determination was affected by an error of law or was arbitrary and capricious or an abuse of discretion (see CPLR 7803[3]; Matter of Kent v Lefkowitz, 27 NY3d 499, 505; Matter of Burke v New York State Pub. Empl. Relations Bd., 221 AD3d 892, 893), and "PERB is accorded deference in matters falling within its area of expertise," which "includes the resolution of improper practice charges" (Matter of Kent v Lefkowitz, 27 NY3d at 505 [internal quotation marks omitted]; see Matter of Burke v New York State Pub. Empl. Relations Bd., 221 AD3d at 893).
Contrary to the City's contention, PERB's determination to affirm the administrative law judge's decision has a rational basis in the record and is not arbitrary and capricious (see CPLR 7803[3]; Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714; Matter of Burke v New York State Pub. Empl. Relations Bd., 221 AD3d at 893).
Accordingly, the Supreme Court properly granted PERB's motion pursuant to CPLR 7804(f) to dismiss the petition and, in effect, denied the petition and dismissed the proceeding (see Matter of Burke v New York State Pub. Empl. Relations Bd., 221 AD3d at 893-894; Matter of Weinman v New York State Dept. of Motor Vehs. Traffic Violations Bur., 203 AD3d 1050, 1051).
DUFFY, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court