Flowers v District Council 37 (2025 NY Slip Op 02720)

Flowers v District Council 37

2025 NY Slip Op 02720

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Scarpulla, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 161683/13|Appeal No. 4284|Case No. 2023-05339|

[*1]Swayne Flowers, Plaintiff-Appellant,
v
District Council 37, et al., Defendants-Respondents.

Law Offices of Sandra D. Parker, New York (Sandra D. Parker of counsel), for appellant.
Robin Roach, New York (Terry Buck of counsel), for District Council 37, AFSCME, AFL-CIO, respondent.
Muriel Goode-Trufant, Corporation Counsel, New York (Melanie T. West of counsel), for New York City Health + Hospitals Corporation, respondent.

Order, Supreme Court, New York County (Judy H. Kim, J.), entered September 26, 2023, which granted the motions of defendants District Council 37 AFSCME, AFL-CIO (DC 37) and New York City Health and Hospitals Corporation (H+H) for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The court properly dismissed plaintiff's claims against DC 37, an unincorporated association, because plaintiff failed to plead and prove that the union's "entire membership authorized and later ratified [the union's] actions," as required by the Martin rule (Dowlah v American Arbitration Assn., 221 AD3d 426, 427 [1st Dept 2023], lv denied 41 NY3d 910 [2024]; see Palladino v CNY Centro, Inc., 23 NY3d 140, 146 [2014]; Martin v Curran, 303 NY 276, 280 [1951];General Associations Law § 13). Plaintiff failed to raise an issue of fact as to DC 37's unincorporated status, which was not a matter solely within the union's knowledge.
DC 37 did not waive its right to assert the Martin rule at summary judgment by failing to raise it as an affirmative defense. The Martin rule establishes "pleading and evidence requirements" for plaintiff to satisfy to "maintain[] [this] action" (Salemeh v Toussaint, 25 AD3d 411, 411 [1st Dept 2006]). DC 37's asserted defense that the "[c]omplaint fails to state a claim against [DC 37] upon which relief may be granted" encompassed DC 37's later argument that plaintiff failed to meet his burdens, including under the Martin rule (see Morton v Mulgrew, 144 AD3d 447, 448 [1st Dept 2016]; Salemeh, 25 AD3d at 411-412).
The court also properly dismissed plaintiff's breach of contract claim against his employer, H+H, because his employment was subject to a collective bargaining agreement (CBA) that contained a grievance procedure. "[O]nly when the union fails in its duty of fair representation can the employee go beyond the agreed procedure and litigate a contract issue directly against the employer" (Matter of Board of Educ., Commack Union Free School Dist. v Ambach, 70 NY2d 501, 508 [1987], cert denied sub nom. Margolin v Board of Educ., Commack Union Free Sch. Dist., 485 US 1034 [1988]).
Plaintiff failed to raise an issue of fact as to DC 37's fair representation of him. Evidence that plaintiff's union representative promised to work on plaintiff's complaints but then ignored his communications and failed to attend meetings does not suggest that the union's "activity . . . was deliberately invidious, arbitrary or founded in bad faith" (Matter of Sapadin v Board of Educ. of City of N.Y., 246 AD2d 359, 360 [1st Dept 1998] [internal quotation marks omitted]). The president of plaintiff's local expressly notified plaintiff of the union's decision not to pursue his grievance, and its "mere refusal . . . to proceed with [his] grievance does not in itself establish a breach of the duty of fair representation" (id. at 359). The CBA provision permitting plaintiff to pursue grievances on his own, as well as his deposition testimony [*2]that he had previously done so, undermine his assertion that he was never made aware that he had that right. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025