■ In the Matter of HECTOR MORAN, Respondent, v RAYMOND BAXTER, as Acting President of the New York City Health and Hospitals Corporation, et al., Appellants. [597 NYS2d 688] —Order and judgment (one paper), Supreme Court,

New York County (Stanley Sklar, J.), entered June 14, 1991, which granted the petition and annulled the determination of New York City Health and Hospitals Corporation ([HHC]; hereinafter "respondent"), dated August 3, 1989, terminating petitioner's employment as Director of the Audio Visual Department at the Lincoln Medical and Mental Health Center, unanimously reversed, on the law, the petition dismissed and the determination reinstated, without costs.

Petitioner commenced this CPLR article 78 proceeding seeking reinstatement, back pay and other work related benefits urging that his termination was excessive, in bad faith, and arbitrary and capricious. Supreme Court granted the petition, holding that under the unusual circumstances of this case, petitioner's termination was arbitrary and capricious. We disagree.

In 1977, petitioner was hired by Lincoln as an audio visual technician. Prior to his appointment, petitioner completed an employment application which contained this notice: "A false statement shall be grounds for not employing you, or for dismissing you after employment."

In late 1981 or early 1982, Lincoln discovered that petitioner had lied on his application. Although petitioner stated that he had never been convicted of a crime, an investigation revealed that he had been convicted of possession of stolen property. Furthermore, although petitioner stated that he graduated from a high school in Puerto Rico, he was unable to produce a high school diploma. Despite this information, Lincoln retained petitioner and shortly thereafter, promoted him to the position of Director of its Audio Visual Department.

Meanwhile, respondent's Central Office conducted a verification check of petitioner's qualifications. The investigation revealed that petitioner had not one, but two, prior misdemeanor convictions: attempted grand larceny (1970) and attempted criminal possession of stolen property (1977). Respondent also discovered that the high school petitioner claimed he had graduated from had no record of his attendance or graduation. In October 1982, respondent's Vice-President of Corporate Affairs sent a confidential memorandum to respondent's President recommending petitioner's termination on the ground that he knowingly misrepresented his criminal record and because it was questionable whether petitioner met his present position's minimal qualifications. Despite this recommendation, Lincoln continued to employ petitioner.

Although petitioner was promoted in September 1982, he filled out the required application in August 1983. Petitioner again misrepresented that he had never been convicted of a crime and that he possessed a high school diploma. Respondent, however, did not know that petitioner had again perjured himself until 1989, when it conducted an investigation through its Office of the Inspector General (OIG). The investigation was prompted by an anonymous letter, dated February 22, 1989, alleging that petitioner lied about his educational background and criminal record, and also alleging that "because [of] his political influence and the friendship with the Personnel Director [of Lincoln] everything have being *[sic]* covered." OIG reviewed the findings of the 1982 investigations and recommended that petitioner be terminated.

By letter dated August 3, 1989, petitioner was informed that his employment was terminated. Petitioner sought administrative review of the determination pursuant to Operating Procedure 20-39. He argued that his termination should be rescinded because of his exemplary work record and because management had retained him in 1982 despite its knowledge of the misrepresentations contained in his application. On October 16, 1989, the Vice-President of Human Resources indicated that he had reviewed the arguments offered on behalf of petitioner, including his "numerous recommendations", and concluded that "[petitioner's] termination was an appropriate exercise of management discretion."

The issue presented on this appeal is whether respondent's decision to dismiss petitioner because of the material misrepresentations he had made on two employment applications was arbitrary and capricious. The IAS Court was guided by the following factors in deciding that respondent's determination was arbitrary and capricious: (a) the fact that petitioner was terminated not for the substance of his lie but the mere fact that he did lie; (b) petitioner's excellent work record; (c) the fact that petitioner's last criminal conviction was thirteen years old; (d) the fact that petitioner was retained despite respondent's prior knowledge of the misstatements; and (e) the passage of six years after petitioner's second application. None of these factors warrants a finding that respondent's determination was arbitrary and capricious.

In an article 78 proceeding, courts are not permitted to substitute their judgment for that of the administrative agency unless the decision under review is arbitrary and an abuse of discretion (CPLR 7803 [3]; *Matter of Pell v Board of Educ.*, 34 NY2d 222). Furthermore, the penalty imposed by an

administrative agency will only be set aside if it is so disproportionate to the offense as to be shocking to one's sense of fairness *(supra).*

It is clear that respondent had the discretion to terminate petitioner for making material misrepresentations on his employment applications. The applications completed by petitioner contained explicit and clearly marked notices that a false statement constitutes grounds for dismissal after employment. Furthermore, although respondent does not have a written policy on disciplinary action for misrepresentations on employment applications completed by Group 11 employees at petitioner's level, the policies pertaining to other HHC employees grant respondent the discretion to terminate employees for material misrepresentations on applications (New York City Health and Hospitals Corporation Rules and Regulations § 4:3:2 [d]; § 4:4:4; Operating Procedure 20-23).*

---

* All Group 12 employees, who are defined as all employees other than those set forth in section 7385 (11) of McKinney's Unconsolidated Laws of NY (New York City Health and Hospitals Corporation Act § 5 [11]; L 1969, ch 1016, § 1) (primarily managerial employees), are governed by the New York City Health and Hospitals Corporation Rules and Regulations, which provide as follows: "Applications shall contain a declaration that the statements made therein are made subject to penalties for deliberate and material misrepresentation." (§ 4:3:2 [d].)

"Investigation of the qualifications and background of an eligible may be made after he/she is appointed. Upon a finding of such facts, which, if known prior to appointment, would have warranted disqualification, or upon finding of illegality, irregularity or fraud in his/her application, examination or appointment, the appointment may be revoked and his/her employment terminated, provided, however, that no revocation or termination shall be made more than three years after appointment, except in the case of fraud." (§ 4:4:4.)

Group 11 employees who have attained a higher salary level than petitioner are subject to Operating Procedure 20-23. These employees must undergo an immediate background investigation. If the employee fails to reveal or misstates on the employment application a conviction of an offense, this constitutes a material misrepresentation of background information. Respondent then has the discretion not to terminate the employee if "there was an extenuating or good faith reason why the employee omitted or misstated his or her conviction" (Operating Procedure 20-23 § 4 [E] [3] [d]). The appropriate corrective action must be taken within 10 workdays *(ibid.).* Furthermore, if it is discovered that an employee has misrepresented credentials, respondent could consider the employee's intent, whether " 'bogus' " documents were involved, the relevant credentials required for the position, and whether the employee otherwise had an exemplary work history to merit his retention (Operating Procedure 20-23 § 4 [E] [3] [e]). Respondent could, after making such an evaluation, impose an "alternate disposition," evidently in lieu of termination, if the circumstances warranted it (§ 4 [E] [3] [d]).

Moreover, under the particular facts of this case, respondent's exercise of discretion to terminate petitioner was not abused. Respondent promptly terminated petitioner upon discovery of the fact that he repeated misrepresentations regarding his criminal background and educational history on an application for the position of Director of Lincoln's Audio Visual Department. Contrary to petitioner's argument, respondent was not estopped from dismissing him from that position because it had promoted him in 1982 with knowledge of the misrepresentations contained in his 1976 application. Petitioner's promotion does not demonstrate, as petitioner urges, that respondent considered those misrepresentations to be immaterial. Although we decline to speculate as to the reasons why petitioner was promoted in 1982, a confluence of factors could have influenced that decision. For instance, petitioner had claimed that then-Director of the Audio Visual Department told him to lie on his 1976 application. This explanation, however, does not absolve petitioner of responsibility for the misrepresentations contained in his second application. Indeed, the IAS Court specifically found that petitioner's misstatements in his second application were not inadvertent.

In addition, the fact that petitioner was dismissed six years after he made the misrepresentations in his second application does not demonstrate that his termination was arbitrary. Petitioner's 1983 deceit was not discovered until an anonymous complaint prompted an investigation six years later. Since background checks are not mandatory at petitioner's level, it is not unreasonable that respondent did not discover petitioner's second deceit until 1989. Furthermore, New York City Health and Hospitals Corporation Rules and Regulations § 4:4:4, which permits termination for making a false statement of material fact on an application within three years of appointment, is not applicable to petitioner. *Matter of Giangiacomo v Village of Liberty* (50 AD2d 666, *affd* 40 NY2d 957) is inapposite since the employer was prohibited from terminating the employee under the constraints of Civil Service Law § 50 (4), which does not apply to petitioner. Nor are we in a position to decide that it was unreasonable for the Legislature to exclude certain employees from the provisions and protections of the Civil Service Law *(Matter of Burns v Quinones,* 68 NY2d 719; *Matter of Butler v New York City Health & Hosps. Corp.,* 82 AD2d 136, 143). Accordingly, we conclude that respondent acted reasonably when it took swift action to terminate petitioner after his second deceit was discovered.

Furthermore, the IAS Court improperly substituted its judg-

ment for that of the agency by placing primacy on the fact that petitioner has a strong work record *(see, Matter of Soto v Koehler,* 171 AD2d 567, 569, *lv denied* 78 NY2d 855). In this regard, we note that there is nothing in the record to suggest that respondent failed to take petitioner's strong work record into account in making its determination.

Finally, we conclude that the penalty of termination was not unduly harsh under the standard set forth in *Matter of Pell v Board of Educ. (supra).* It is well settled that termination is an appropriate penalty for lying about one's criminal history, qualifications, and other material facts on an application for public employment *(see, e.g., Gray v Department of Personnel,* 189 AD2d 682; *Matter of Stewart v Civil Serv. Commn.,* 84 AD2d 491, 494). An agency such as respondent should have the right to terminate an employee who repeatedly and willfully lies about his criminal and educational histories. Concur—Sullivan, J. P., Milonas, Ross, Kassal and Rubin, JJ.