■ In the Matter of HENRY WILLIAMS, Appellant, v COMMISSIONER OF THE OFFICE OF MENTAL HEALTH OF THE STATE OF NEW YORK et al., Respondents. [686 NYS2d 788] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Mental Health dated November 27, 1996, which terminated the petitioner's employment effective October 18, 1996, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Seidell, J.), entered January 22, 1998, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In May 1996, in order to settle pending disciplinary charges relating to an extensive history of absenteeism, the petitioner entered into an agreement pursuant to which he would be permitted to continue his employment in a probationary capacity, and pursuant to which he acknowledged that, during the stipulated probationary period, he could be terminated "without recourse to Article 33 of the State-CSEA Agreement or any other provision or law". During the next six months, the petitioner was absent from work on seven occasions. He was terminated effective October 18, 1996, and later commenced the present CPLR article 78 proceeding. We affirm the judgment dismissing the proceeding.

A probationary employee may be terminated without a hearing and without a statement of reasons provided that the termination is not in bad faith, or for unconstitutional or illegal reasons (*see, e.g., Wilson v New York City Tr. Auth.,* 254 AD2d 426). The petitioner bears the burden of establishing such bad faith or illegal conduct by competent evidence rather than speculation (*see, Matter of Leskow v Office of Ct. Admin.,* 248 AD2d 1004).

In this case, the petitioner claims that his absences were the necessary result of a medical condition. Even assuming, without deciding, that the evidence offered by the petitioner to the agency supports this assertion, in whole or in part, the petitioner failed to sustain his burden of showing that his termination was based on a perceived disability in violation of the anti-discrimination laws (*see, Matter of Antonsen v Ward,* 77 NY2d 506; *Matter of Skidmore v Abate,* 213 AD2d 259; *Matter of Thomas v Abate,* 213 AD2d 251).

The appellant's remaining contentions are without merit. Ritter, J. P., Sullivan, Altman and McGinity, JJ., concur.