■ In the Matter of JOSE HERNANDEZ, Respondent, v CITY OF WHITE PLAINS et al., Appellants. [753 NYS2d 731] —In a proceeding pursuant to CPLR article 78 to review a determination of the appellants, the City of White Plains and Michael A. Gismondi, the Commissioner of Building of the City of White Plains, dated November 17, 2000, which terminated the petitioner's probationary employment as a Housing Code Enforcement Officer, the appeal, by permission, is from so much of an order of the Supreme Court, Westchester County (Leavitt, J.), entered June 14, 2001, as directed that a fact-finding hearing be held.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the petition is denied, and the proceeding is dismissed.

It is well settled that a court's review of a determination to terminate a probationary employee is limited to consideration of whether the dismissal was in bad faith, in violation of statutory or decisional law, or for unconstitutional or illegal reasons. Unless one or more of these conditions is present, a probationary employee may be terminated without a hearing or a statement of reasons (*see Matter of Johnson v Katz,* 68 NY2d 649, 650; *Matter of York v McGuire,* 63 NY2d 760, 761; *Matter of Williams v Commissioner of Off. of Mental Health of State of N.Y.,* 259 AD2d 623; *Matter of Green v Board of Educ. of City Dist. of N.Y.,* 262 AD2d 411). While a hearing may be required to resolve issues of fact regarding whether the reasons for the termination were impermissible, the petitioner bears the burden of presenting competent proof of the alleged bad faith, the violation of statutory or decisional law, or the unconstitutional or illegal reasons (*see Matter of Williams v Commissioner of Off. of Mental Health of State of N.Y., supra; Matter of Green v Board of Educ. of City Dist. of N.Y., supra; Matter of Beacham v Brown,* 215 AD2d 334). Here, the Supreme Court erroneously ordered a fact-finding hearing since the petitioner failed to sustain that burden. Santucci, J.P., H. Miller, Schmidt and Townes, JJ., concur.