■ In the Matter of CHRISTOPHER COOKE, Appellant, v COUNTY OF SUFFOLK et al., Respondents. [783 NYS2d 392]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Suffolk County Department of Economic Development dated January 9, 2003, terminating the petitioner's employment, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Loughlin, J.), dated October 30, 2003, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

A court's review of a determination to terminate a probationary employee is limited to consideration of whether the dismissal was in bad faith, in violation of statutory or decisional law, or for unconstitutional or illegal reasons (*see Matter of Hernandez v City of White Plains*, 301 AD2d 523 [2003]). Unless a material issue of fact is raised as to one or more of these conditions, a probationary employee may be terminated without a hearing or a statement of reasons (*see Matter of Johnson v Katz*, 68 NY2d 649 [1986]; *Matter of York v McGuire*, 63 NY2d 760 [1984]; *Matter of Hernandez v City of White Plains, supra; Matter of Williams v Commissioner of Off. of Mental Health of State of N.Y.*, 259 AD2d 623 [1999]; *Matter of Green v Board of Educ. of City Dist. of N.Y.*, 262 AD2d 411 [1999]). Insofar as is relevant here, the petitioner had the burden of raising a material issue as to bad faith or illegal reasons, and conclusory allegations of misconduct or unlawfulness are insufficient to meet this burden (*see Matter of Weintraub v Board of Educ. of City School Dist. of City of N.Y.*, 298 AD2d 595 [2002]; *Matter of Gulemi v Bradley*, 267 AD2d 386 [1999]; *Matter of Green v Board of Educ. of City Dist. of N.Y., supra; Matter of Williams v Commissioner of Off. of Mental Health of State of N.Y., supra*).

The reason for the petitioner's termination stems from his failure to comply with one of the terms of a stipulation that permitted him to continue his employment in a probationary capacity after settling pending disciplinary charges. The stipulation, which the petitioner "freely and voluntarily" entered into "after sufficient consultation with legal counsel and union representatives," required, inter alia, that the petitioner obtain a valid driver's license within his one-year probationary period. The stipulation stated that the petitioner's employment was "subject to automatic termination" in the event of his failure to

procure a license, and did not condition this automatic termination option on any contingencies.

The petitioner's contention that he was unable to comply with the terms of the stipulation because his probation officer would not consent to his application for a driver's license is without merit. Under his conditions of probation, the petitioner knew that he could not obtain such permission without completing an alcohol treatment program. The onus was on the petitioner to complete this requirement within his probationary year. The petitioner failed to meet this obligation through no fault of the respondents. Thus, he failed to establish bad faith or illegality as the reason for the termination of his employment.

The petitioner's remaining contentions are without merit. Ritter, J.P., Schmidt, Cozier and Skelos, JJ., concur.