■ In the Matter of CHANTEE GREEN, Respondent, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants. [806 NYS2d 581]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered March 17, 2005, which, in this proceeding brought pursuant to CPLR article 78, directed a hearing as to the propriety of the challenged determination by respondent terminating petitioner's employment, unanimously reversed, on the law, without costs, the petition denied insofar as it challenges petitioner's termination, and the matter remanded for further proceedings in connection with petitioner's third cause of action seeking a name-clearing hearing.

The petitioner, a probationary employee at the time of the events in question, may be discharged without a hearing and for no stated reason so long as there is no demonstration that the dismissal was accomplished in bad faith or for an impermissible reason (*see Matter of Swinton v Safir*, 93 NY2d 758 [1999]; *Matter of York v McGuire*, 63 NY2d 760, 761 [1984]). The record shows that after receiving a complaint and conducting an investigation, respondent found that petitioner had verbally and physically assaulted another Housing Authority employee. While petitioner claims that she merely became involved in a loud argument, she has shown no more than that respondent's determination may have been mistaken; she has not raised any factual issue as to whether it was made in bad faith (*see Matter of Hernandez v City of White Plains*, 301 AD2d 523 [2003]).

We remand for a determination of whether petitioner is entitled to a name-clearing hearing, relief sought in petitioner's third cause of action, which was not addressed by Supreme Court. Concur—Tom, J.P., Mazzarelli, Friedman, Catterson and McGuire, JJ.