■ In the Matter of Anthony Smith, Appellant, v Kingsboro Psychiatric Center (KPC) et al., Respondents. [828 NYS2d 419]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Kingsboro Psychiatric Center (KPC) dated June 22, 2004, terminating the petitioner's probationary employment, the petitioner appeals from a judgment of the Supreme Court, Kings County (Bunyan, J.), dated February 28, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner applied for a position with the respondent Kingsboro Psychiatric Center (KPC) (hereinafter referred to as KPC). On his employment application, the petitioner answered in the affirmative that he had been convicted of a crime, but disclosed only one of his eight convictions. Two months after the petitioner began his employment, and within his probationary period, KPC discovered the full extent of his criminal record and terminated his employment for falsifying the employment application.

A court's review of a determination to terminate a probationary employee is limited to consideration of whether the dismissal was in bad faith, in violation of statutory or decisional law, or for unconstitutional or illegal reasons (*see Matter of Hernandez v City of White Plains*, 301 AD2d 523, 524 [2003];

*see also Matter of Swinton v Safir*, 93 NY2d 758, 763 [1999]). Unless one or more of these conditions is present, a probationary employee may be terminated without a hearing or a statement of reasons (*see Matter of Johnson v Katz*, 68 NY2d 649, 650 [1986]; *Matter of York v McGuire*, 63 NY2d 760, 761 [1984]; *Matter of Hernandez v City of White Plains, supra*, 301 AD2d at 524; *Matter of Green v Board of Educ. of City Dist. of N.Y.*, 262 AD2d 411 [1999]; *Matter of Williams v Commissioner of Off. of Mental Health of State of N.Y.*, 259 AD2d 623 [1999]).

The petitioner contends that his employment was terminated because of his criminal record, in violation of Correction Law § 752. Contrary to the petitioner's contentions, however, the termination of his employment based upon his failure to disclose his criminal record completely and truthfully does not implicate that provision (*see Matter of Lagarenne v Leake*, 243 AD2d 258, 259 [1997]; *Matter of Stewart v Civil Serv. Commn. of City of N.Y.*, 84 AD2d 491, 494 [1982]). Moreover, the Supreme Court correctly concluded that the record provided a rational basis for KPC's finding that the petitioner had falsified his application and its decision to terminate the petitioner's employment on that basis (*see Matter of Shraeder v Kern*, 287 NY 13, 14 [1941]).

The petitioner's remaining contentions are without merit. Florio, J.P., Mastro, Rivera and Spolzino, JJ., concur.