■ In the Matter of STEPHEN RUSSELL, Appellant, v NEW YORK CITYWIDE ADMINISTRATIVE SERVICES et al., Respondent. [865 NYS2d 307]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Citywide Administrative Services, sued herein as New York Citywide Administrative Services, dated February 7, 2006, terminating the petitioner's temporary employment, and to review a determination of the New York City Transit Authority dated April 13, 1989, terminating the petitioner's employment, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Kramer, J.), dated January 19, 2007, which granted the motion of the New York City Transit Authority pursuant to CPLR 3211 (a) (5) and 7804 (f) to dismiss the petition insofar as asserted against it as barred by the statute of limitations and the principles of res judicata, denied the petition insofar as asserted against the New York City Department of Citywide Administrative Services, sued herein as New York Citywide Administrative Services, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with one bill of costs.

The New York City Department of Citywide Administrative Services, sued herein as New York Citywide Administrative Services (hereinafter DCAS), terminated the petitioner's temporary employment as a bridge and tunnel officer, based upon an investigation which revealed that he had failed to disclose pertinent information on his employment application. Contrary to the petitioner's contention, DCAS had a rational basis for its finding that he omitted information on his employment application relating to a prior misdemeanor criminal conviction, prior revocations and suspensions of his driver's license, and a prior termination from employment by the New York City Transit Authority (hereinafter NYCTA). Thus, the Supreme Court correctly concluded that the DCAS's decision to terminate the petitioner's temporary employment was not arbitrary and capricious, had a rational basis, and was not made in bad faith (see CPLR 7803 [3]; Matter of Smith v Kingsboro Psychiatric Ctr. (KPC), 35 AD3d 751, 752 [2006]; Matter of Lagarenne v Leake, 243 AD2d 258 [1997]; Matter of Roman v Brown, 202 AD2d 321 [1994]; Matter of Moran v Baxter, 193 AD2d 460 [1993]; Matter of Stewart v Civil Serv. Commn. of City of N.Y., 84 AD2d 491 [1982]).

The Supreme Court also properly granted that branch of NYCTA's motion which was pursuant to CPLR 3211 (a) (5) and 7804 (f) to dismiss the petition insofar as asserted against it upon the ground that it is barred by the applicable statute of limitations. A proceeding pursuant to CPLR article 78 must be commenced within four months after the administrative determination to be reviewed becomes "final and binding upon the petitioner" (CPLR 217 [1]). Here, the petitioner was terminated from his position at NYCTA in April 1989, and the determination terminating his employment became final and binding upon him, at the very latest, when a request by his union for reinstatement was denied in July 1995 (see Matter of Drake v Reuter, 27 AD3d 736 [2006]; Matter of Mazzilli v New York City Fire Dept., 224 AD2d 621 [1996]). Accordingly, this proceeding, commenced in July 2006, is clearly untimely insofar as it seeks review of the NYCTA's determination.

The petitioner's remaining contentions are without merit. Mastro, J.P., Lifson, Carni and Eng, JJ., concur.