Matter of Hawkins v Fariña (2019 NY Slip Op 03141)





Matter of Hawkins v Fariña


2019 NY Slip Op 03141


Decided on April 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2019

Sweeny, J.P., Manzanet-Daniels, Tom, Kapnick, Moulton, JJ.


9092 155642/17

[*1]In re Carl Hawkins, Petitioner-Appellant,
v
Carmen Fariña, etc., et al., Respondents-Respondents.


Wolin & Wolin, Jericho (Alan E. Wolin of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Julie Steiner of counsel), for respondents.



Judgment (denominated an order), Supreme Court, New York County (John J. Kelley, J.), entered on or about May 10, 2018, denying the petition to annul a determination of respondent New York City Department of Education (DOE) to terminate petitioner's probationary employment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
A probationary employee may be terminated without a hearing for any reason or no reason at all, as long as the dismissal was not unlawful or in bad faith (see e.g. Matter of Duncan v Kelly, 9 NY3d 1024 [2008]). Here, petitioner alleges no facts to show that his termination was for an illegal or an improper reason, and, absent such allegations, his characterization of his termination as having been in bad faith is purely speculative (Matter of Turner v Horn, 69 AD3d 522 [1st Dept 2010]). Rather, the record shows that petitioner was terminated on grounds of misconduct and violations of applicable regulations (see e.g. Matter of Lambert v Kelly, 78 AD3d 554 [1st Dept 2010]). His arguments on appeal amount to an assertion that DOE erred in reaching these determinations, but such assertion does not raise issues of fact as to bad faith (see Matter of Green v New York City Hous. Auth., 25 AD3d 352 [1st Dept 2006]), nor does the record support such a conclusion.
Furthermore, petitioner complains that DOE's Office of Special Investigations failed to interview one particular student and to turn over investigatory materials. These alleged irregularities in the process, however, without more, do not constitute bad faith or a deprivation of a substantial right (see Matter of Leka v New York City Law Dept., 160 AD3d 497 [1st Dept 2018]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 25, 2019
CLERK