Matter of Trager v Suffolk County (2020 NY Slip Op 03789)





Matter of Trager v Suffolk County


2020 NY Slip Op 03789


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
JEFFREY A. COHEN, JJ.


2017-10902
 (Index No. 16025/14)

[*1]In the Matter of Gregg Trager, appellant,
v
Suffolk County, respondent.


Leeds Brown Law, P.C., Carle Place, NY (Rick Ostrove and Brandon Okano of counsel), for appellant.
Dennis M. Cohen, County Attorney, Hauppauge, NY (Daniel E. Furshpan of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Suffolk County Police Department dated May 8, 2014, which terminated the petitioner's probationary appointment and reinstated the petitioner to his former rank as police officer, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated August 30, 2017. The judgment, after a hearing, denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner was employed as a police officer by the Suffolk County Police Department (hereinafter the Department). After successfully passing the sergeant's exam, the petitioner was promoted to the rank of sergeant pending a six-month probationary period. At the conclusion of the probationary period, the petitioner was notified, in writing, that he was being reinstated to his former rank of police officer because of, among other things, "unsatisfactory performance."
Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the Department's determination to deny his promotion and reinstate him to his former rank. The petitioner alleged, inter alia, that his reinstatement was arbitrary and capricious, and made in bad faith, as evidenced by, among other things, the Department's alleged reliance on pretextual reasons supporting its decision, as well as its failure to abide by its own procedures in evaluating the petitioner during the probationary period. In the judgment appealed from, the Supreme Court, after a hearing, denied the petition and dismissed the proceeding.
"An employee's probationary appointment may be terminated . . . for any reason, or no reason at all, so long as the termination was not in bad faith or for an improper or impermissible reason'" (Matter of Messenger v State of New York Dept. of Corr. & Community Supervision, 151 AD3d 1433, 1433, quoting Matter of Swinton v Safir, 93 NY2d 758, 762-763; see Matter of Gagedeen v Ponte, 170 AD3d 1013, 1014). In demonstrating that administrative actions were made in bad faith, or for an improper or impermissible reason, the petitioner bears a heavy burden of proof, for which conclusory allegations and speculative assertions will not suffice (see Matter of Knight [*2]v County of Nassau, 27 AD3d 470, 471; Matter of Williams v Commissioner of Off. of Mental Health of State of N.Y., 259 AD2d 623).
Civil service appointments and promotions "shall be made according to merit and fitness" (NY Const, art V, § 6). Probationary terms are designed to assist an agency in its constitutional mandate to vet the fitness of a candidate for a particular office, "and to give the probationer a reasonable opportunity to demonstrate the ability to perform the duties of the office" (Tomlinson v Ward, 110 AD2d 537, 538, affd 66 NY2d 771; see 4 NYCRR 4.5[b][5][iii]; Matter of Marshall v Simon, 160 AD3d 648, 649). Municipal authorities generally have wide discretion in determining the fitness of candidates for the appointment to a civil service title, and this discretion is particularly broad in appointment of law enforcement officers, to whom high standards may be applied (see Tardif v Town of Southhold, 56 AD3d 755, 757; Matter of Verme v Suffolk County Dept. of Civ. Serv., 5 AD3d 498, 498-499).
Here, the petitioner's submissions, and the testimony adduced at the hearing, failed to demonstrate that his discharge from the probationary position of sergeant was made in bad faith, or that it was based on an improper or impermissible motive. To the contrary, the evidence and testimony adduced by the respondent established that the decision to terminate the petitioner's probationary appointment to the rank of sergeant was made in good faith. The petitioner has, moreover, failed to demonstrate that the factors relied upon by the respondent in reaching its determination were merely pretextual.
The petitioner's contention that the Department acted in bad faith for allegedly failing to adhere to its own procedures concerning probationary evaluations is without merit. The Department complied with its practice that a probationer shall receive an "interim" and "final" performance evaluation. Even assuming that the Department was obligated to evaluate probationary employees "every two months," as asserted by the petitioner, the record shows that precinct supervisors met with the petitioner on multiple occasions during his probationary period to discuss behavior and incidents that were later determined by the commissioner to reflect poorly on the petitioner's judgment and performance, or which violated the Department's rules. The Department's efforts to alert the petitioner to behavior and performance issues it deemed unsatisfactory demonstrated substantial compliance with its own internal procedures, and moreover, complied with its general obligation to adequately advise the petitioner of his status and progress during the probationary term (see 4 NYCRR 4.5[b][5][iii]; Matter of Schuman v Westchester County Health Care Corp., 304 AD2d 585, 585; see also Matter of Mogilski v Westbury Union Free Sch. Dist., 158 AD3d 692, 694-695).
The petitioner's remaining contentions are without merit.
Since the petitioner failed to demonstrate that the Department's decision to reinstate him to his former rank was made in bad faith, or was based on an improper or impermissible motive (see Matter of Messenger v State of New York Dept. of Corr. & Community Supervision, 151 AD3d at 1434; Matter of Williams v Commission of Off. of Mental Health of State of N.Y., 259 AD2d at 623), we agree with the Supreme Court's determination to deny the petition and dismiss the proceeding.
SCHEINKMAN, P.J., RIVERA, ROMAN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court