Matter of Young v City of New York (2023 NY Slip Op 05613)

Matter of Young v City of New York

2023 NY Slip Op 05613

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-04972
 (Index No. 506494/17)

[*1]In the Matter of Jermaine Young, appellant, 
v
City of New York, respondent.

The Law Office of Fred Lichtmacher P.C., New York, NY (Joseph Certa of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah A. Brenner and Eva L. Jerome of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Correction dated December 6, 2016, which terminated the petitioner's probationary employment as a correction officer, the petitioner appeals from a judgment of the Supreme Court, Kings County (Katherine A. Levine, J.), dated May 15, 2020. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be a notice of appeal by the petitioner (see CPLR 2001; Matter of Tagliaferri v Weiler, 1 NY3d 605); and it is further,
ORDERED that the judgment is affirmed, with costs.
In 2017, the petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Correction dated December 6, 2016, which terminated the petitioner's probationary employment as a correction officer. The petitioner alleged, among other things, that the determination was arbitrary and capricious. In a judgment dated May 15, 2020, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals. We affirm.
"An employee's probationary appointment may be terminated . . . for any reason or no reason at all, so long as the termination was not in bad faith or for an improper or impermissible reason" (Matter of Trager v Suffolk County, 185 AD3d 697, 698 [internal quotation marks omitted]; see Matter of Gagedeen v Ponte, 170 AD3d 1013, 1014). "In demonstrating that administrative actions were made in bad faith, . . . the petitioner bears a heavy burden of proof, for which conclusory allegations and speculative assertions will not suffice" (Matter of Trager v Suffolk County, 185 AD3d at 698; see Matter of Petkewicz v Allers, 137 AD3d 1045, 1046). Discretion to hire probationary employees is especially broad "in appointment of law enforcement officers, to whom high standards may be applied" (Matter of Trager v Suffolk County, 185 AD3d at 698; see Tardif v Town of Southhold, 56 AD3d 755, 757).
Here, the petitioner failed to allege in his petition that his discharge from his position was made in bad faith (see Matter of Meighan v Ponte, 164 AD3d 504, 505; Matter of Marshall v Simon, 160 AD3d 648, 649). Moreover, the record demonstrates that there was a rational basis for the determination terminating the petitioner's probationary employment and that the determination was not arbitrary and capricious (see Matter of Bruno v Greenville Fire Dist., 171 AD3d 1169, 1170; Matter of Petkewicz v Allers, 137 AD3d at 1046).
The respondent's remaining contention is without merit.
DUFFY, J.P., FORD, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court