**Abraham v Tisch**

2024 NY Slip Op 30876(U)

March 18, 2024

Supreme Court, New York County

Docket Number: Index No. 160335/2023

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    **HON. ARLENE P. BLUTH**      **PART**      14

*Justice*

-----------------------------------------------------------------------------------X

Abraham, Sydney

                        Petitioner,

- v -

JESSICA TISCH, as Commissioner of the New York City Department of Sanitation, THE NEW YORK CITY DEPARTMENT OF SANITATION, and THE CITY OF NEW YORK,                    Respondents

-----------------------------------------------------------------------------------X

**INDEX NO.**      160335/2023

DECISION AND ORDER ON MOTION

MS001 and MS002

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1-28, 35 were read on this motion to/for          ARTICLE 78          .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 29-34 were read on this motion to/for          EXTEND TIME          .

        Motion Sequence Numbers 001 and 002 are consolidated for disposition. The cross-motion to dismiss the petition (MS001) to reinstate petitioner to his position as a sanitation worker for respondent the New York City Department of Sanitation ("Sanitation") is granted. Respondents' motion (MS002) to extend its time to respond to the petition is granted.

**Background**

        Petitioner contends that he was appointed to work as a sanitation worker on July 11, 2021. His probationary period was therefore supposed to end on January 11, 2023. Petitioner admits that during his first 18 months on the job, he "had several minor complaints" filed against him. He explains that the first two incidents involved calling out because his son was sick. According to petitioner, his supervisor rejected the second requested absence and insisted petitioner had violated a Sanitation rule about calling out for an emergency.

[* 1]

Petitioner points out that the next complaint was on January 21, 2022, where he reversed a Sanitation truck into another vehicle.  On October 26, 2022, petitioner received another complaint related to the upkeep of his assigned Sanitation truck.  He explains that the regeneration light and alarm activated.  Petitioner insists that respondents incorrectly filed a complaint against him and that he was not responsible for the truck's repairs.

Petitioner alleges that as a result of these complaints, his probationary period was extended to July 11, 2023. He claims that on June 13, 2023 he was marked as absent without leave at a roll call because he was suffering from a stomach virus and went to use the bathroom. Petitioner insists he was subsequently terminated despite the fact that the was actually present at work on June 13, 2023 and therefore should not have been marked absent.

Respondents cross-move to dismiss on the ground that they had the authority to terminate petitioner, a probationary employee, as long as it was not in bad faith.  They insist that petitioner failed to abide by safety regulations, failed to provide adequate excuses for not reporting to work and failed to ensure that his truck had sufficient fuel. With respect to the June 13, 2023 roll call incident, respondents argue that petitioner did not show up for an 8 a.m. roll call and was last seen at 6 a.m. that morning.

In reply, petitioner observes that on June 13, 2023 he was assigned to a 12 a.m. to 8 a.m. shift and had been suffering from a stomach virus for the last few days. He claims he told a supervisor he was not feeling well right before the 8 a.m. roll call and reported by 8:13 a.m. Petitioner complains that he was marked as absent despite attempting to explain his brief delay.

**Discussion**

In an Article 78 proceeding, "the issue is whether the action taken had a rational basis and was not arbitrary and capricious" (*Ward v City of Long Beach*, 20 NY3d 1042, 1043, 962

[* 2]

NYS2d 587 [2013] [internal quotations and citation omitted]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (*id.*). "If the determination has a rational basis, it will be sustained, even if a different result would not be unreasonable" (*id.*). "Arbitrary action is without sound basis in reason and is generally taken without regard to the facts" (*Matter of Pell v Board of Educ. of Union Free Sch. Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231, 356 NYS2d 833 [1974]).

"A court's review of a determination to terminate a probationary employee is limited to consideration of whether the dismissal was in bad faith, in violation of statutory or decisional law, or for unconstitutional or illegal reasons" (*Matter of Cooke v County of Suffolk*, 11 AD3d 610, 611, 783 NYS2d 392 [2d Dept 2004]).

The Court grants respondents' cross-motion and dismisses the petition. There is no dispute that petitioner received multiple complaints that resulted in an extension of his probationary period. And petitioner failed to meet his burden to show that his termination was in bad faith. Petitioner's extensive disciplinary history combined with the June 13, 2023 incident provides ample grounds to terminate petitioner. The Court recognizes that petitioner offers a different take about what happened on June 13, 2023 but respondents were entitled to fire petitioner for any reason as long as it wasn't in bad faith. That petitioner disagrees with respondents' version of events is not a basis for reinstatement.

To be sure, some of the individual incidents, *standing alone*, would raise serious questions about a bad faith allegation. For instance, the fact that petitioner was told he could not call out in order to take care of a sick child for a second consecutive day despite purportedly handing over medical documentation is concerning, to say the least. But that was not the only

incident in petitioner's disciplinary file nor was it the sole basis for his termination. Among other things, petitioner hit another vehicle while backing up a Sanitation truck without having a co-worker assist him and he also received a complaint related to the maintenance of the truck.

Taken together, these incidents meet the low threshold required to justify the termination of a probationary employee. It is not this Court's role to second-guess respondents' decision where, as here, there is no basis to find that respondents acted in bad faith.

Accordingly, it is hereby

ORDERED that respondents' cross-motion to dismiss is granted; and it is further

ORDERED that respondents' motion (MS002) for leave to file a reply to their cross-motion is granted and the Court considered that filing, NYSCEF Doc. No. 35; and it is further

ADJUDGED that the petition is denied and this proceeding is dismissed without costs or disbursements and the clerk is directed to enter judgment accordingly upon presentation of proper papers therefor.

| 3/18/2024 | | | | | |
|-----------|---|---|---|---|---|
| **DATE** | | | | **ARLENE P. BLUTH, J.S.C.** | |
| **CHECK ONE:** | X CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | GRANTED | DENIED | | GRANTED IN PART | X OTHER |
| **APPLICATION:** | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 4]