Matter of Herlihy v Yonkers Pub. Schs. (2026 NY Slip Op 50055(U))

[*1]

Matter of Herlihy v Yonkers Pub. Schs.

2026 NY Slip Op 50055(U)

Decided on January 16, 2026

Supreme Court, Westchester County

Pulver, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 16, 2026
Supreme Court, Westchester County

In the Matter of the Application of Jennifer Herlihy, Petitioner, 
 For a Judgment Pursuant to Article 78 of the Civil Practice Law and Rules

againstYonkers Public Schools and ANIBAL SOLER, JR., in his official capacity as Superintendent of Yonkers Public Schools, Respondents.

Index No. 67560/2025

Glass & Hogrogian LLP (by Michael T. Donnelly, Esq.) for Petitioner. 
Abrams Fensterman, LLP (by Joanna M. Topping, Esq.) for Respondents. 

Sheralyn Pulver, J.

Petitioner, Jennifer Herlihy ("Petitioner"), moves for relief pursuant to Civil Practice Law and Rules ("CPLR") Article 78 seeking to annul and vacate the determination to terminate Petitioner's employment made by the Yonkers Public Schools ("YPS") and Anibal Soler, Jr., in his official capacity as Superintendent of Yonkers Public Schools ("Superintendent Soler") (collectively, "Respondents"). Petitioner further seeks to annul and vacate Respondents' determination to not appoint Petitioner to a speech-language therapist position. Additionally, Petitioner seeks reinstatement, back pay and benefits, as well as attorney's fees and costs. Respondents have answered and asserted affirmative defenses and objections in point of law, and Petitioner has replied.
For the reasons set forth below, the Court now denies the petition.
The Court read and considered the following papers electronically filed via NYSCEF in making its decision:
• Notice of Petition, Verified Petition, Exhibits A-E, and Request for Judicial Intervention (NYSCEF Doc. Nos. 1-8).• Verified Answer, Affidavit of Dr. Stephanie McCaskill, Exhibits A-Q, and Memorandum of Law (NYSCEF Doc. Nos. 13-31).• Affirmation of Michael T. Donnelly, Esq., Affidavit of Jennifer Herlihy in Further [*2]Support of Petition, and Exhibits F-G (NYSCEF Doc. Nos. 34-37).
FactsOn December 19, 2024, Petitioner began her employment as Probationary Director of Special Education for YPS (see NYSCEF Doc. No. 2). Petitioner's role fell under the supervision and oversight of the YPS Associate Superintendent for Student Support Services, Dr. Stephanie McCaskill ("Dr. McCaskill") (see Petition, NYSCEF Doc. No. 1, ¶ 9; NYSCEF Doc. No. 30, ¶ 2).
In February 2025, while still serving as the Probationary Director of Special Education, Petitioner was interviewed for the role of speech-language therapist at YPS (see NYSCEF Doc. No. 1, ¶ 31). According to Dr. McCaskill, there was no vacant speech-language therapist position at that time, and this was explained to Petitioner. Rather, Petitioner was given a screening interview in the event that a vacancy opened (see NYSCEF Doc. No. 30, ¶ 21).
On February 13, 2025, Petitioner sent an email to YPS school principals and CSE (Committee on Special Education) liaisons requesting information (see NYSCEF Doc. No. 15). Specifically, Petitioner requested lists of students for whom certain special education procedures remained outstanding, including referral letters, consents, evaluations, meetings, and finalized IEPs (Individualized Education Programs) (id.). 
On March 25, 2025, YPS placed Petitioner on administrative leave and provided a written counseling memorandum describing several incidents that, in Dr. McCaskill's view, reflected Petitioner's substandard job performance, insubordination, and poor interactions with students' parents (see NYSCEF Doc. No. 3). Petitioner was further advised that Superintendent Soler would recommend to the YPS Board of Trustees ("YPS Board") that Petitioner's employment as Probationary Director of Special Education be terminated (see NYSCEF Doc. No. 4). 
Petitioner disputes the incidents as described in the counseling memorandum, alleges that they comprised pretextual justifications for her termination, and alleges that she had never previously received a negative performance or progress report.
On April 23, 2025, the YPS Board voted to terminate Petitioner's employment effective May 23, 2025 (see id.). Petitioner contends that YPS terminated her employment in retaliation for her having raised concerns regarding YPS' violations and noncompliance with special education standards. Petitioner further contends that YPS engaged in retaliation by denying her the speech-language therapist position for which she interviewed.
DiscussionA. Standard of Review
In an Article 78 proceeding in the nature of mandamus to review, the Court must ascertain whether the challenged determination was arbitrary and capricious, affected by an error [*3]of law, made in violation of lawful procedure, or an abuse of discretion (see CPLR § 7803[3]; Scherbyn v Wayne-Finger Lakes Bd. of Co-op. Educ. Servs., 77 NY2d 753, 757-58 [1991]; New York City Health and Hosp. Corp. v McBarnette, 84 NY2d 194, 204 [1994]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Peckham v. Calogero, 12 NY3d 424, 431 [2009]; see also Matter of Pell v. Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). "If the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (Matter of Peckham, 12 NY3d at 431; see also McCollum v City of New York, 184 AD3d 838, 839-40 [2d Dept. 2020]).
A probationary public employee, such as Petitioner, may be terminated "for any reason or no reason at all, so long as the termination was not in bad faith or for an improper or impermissible reason" (Matter of Young v City of New York, 221 AD3d 721, 722 [2d Dept. 2023], quoting Matter of Trager v Suffolk County, 185 AD3d 697, 698 [2d Dept. 2020]). In the absence of bad faith or a constitutionally impermissible or illegal purpose, a probationary employee may be discharged without a hearing and without any statement of reasons (see Matter of O'Hara v Board of Educ., Yonkers City Sch. Dist., 198 AD3d 896, 899-900 [2d Dept. 2021]).
Judicial review of a probationary employee's termination is limited to an inquiry of whether the termination was made in bad faith (see Matter of Johnson v Katz, 68 NY2d 649, 650 [1986]). In a proceeding alleging termination of employment in bad faith, the petitioner bears a "heavy burden of proof, for which conclusory allegations and speculative assertions will not suffice" (Matter of Young, 221 AD3d at 722. See also Matter of Finkelstein v Board of Educ. of the City Sch. Dist. of the City of NY, 150 AD3d 464, 465 [1st Dept. 2017] [a petitioner has the burden of submitting competent evidence, as opposed to conclusory assertions or speculation, of bad faith or impermissible purpose]). If a petitioner meets this heavy burden and makes a prima facie showing of bad faith, such may be rebutted by evidence supporting the conclusion that the employee's performance was unsatisfactory (see Matter of Johnson, 68 NY2d at 650).
B. Statutorily Prohibited Retaliation
Petitioner's primary argument is that YPS retaliated against her in violation of the federal Rehabilitation Act ("RA"), the Americans with Disabilities Act ("ADA"), and the New York State Human Rights Law ("NYSHRL"). The standard for a prima facie case of retaliation under each of these laws is essentially the same: the petitioner must show: (1) the petitioner engaged in a protected activity; (2) the employer was aware of such protected activity; (3) the petitioner suffered an adverse employment action; and (4) there is a causal connection between the protected activity and the adverse employment action (See Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312-13 [2004]; Ellison v Chartis Claims, Inc., 178 AD3d 665, 667 [2d Dept. 2019]; Treglia v Town of Manlius, 313 F3d 713, 719 [2d Cir 2002]).
Activities must be related to opposing or complaining about unlawful discrimination to be considered "protected activities" for purposes of a retaliation claim (see Forrest, 3 NY3d at 313; Treglia, 313 F3d at 720; Natofsky v City of New York, 921 F3d 337, 354 [2d Cir 2019]; [*4]Frantti v New York, 850 Fed Appx 17, *21 [2d Cir 2021]). Additionally, a request for a reasonable accommodation may be considered a protected activity under the RA and ADA (see Weixel v Board of Educ. of City of New York, 287 F3d 138, 148-149 [2d Cir 2002]), but not under the NYSHRL (see D'Amico v City of New York, 159 AD3d 558, 558-559 [1st Dept. 2018]).
At the outset, it is not clear to the Court that Petitioner engaged in a protected activity for purposes of a retaliation claim under the RA, ADA, or NYSHRL. Petitioner alleges that she had sent an email to all YPS school principals to request information concerning students who had outstanding special education initial referrals, students awaiting placement in an appropriate program, and students not receiving mandated special education services. Petitioner alleges that she had done so because she noticed numerous violations by YPS and noncompliance with special education requirements. Respondents submitted a copy of Petitioner's aforementioned February 13, 2025, information-gathering email to YPS school principals and CSE liaisons (see NYSCEF Doc. No. 15).
Notably, Petitioner's email was expressly sent "[i]n an attempt to organize our CSE department" (id.). The email stated that Petitioner planned to create a list to begin addressing outstanding CSE issues to help the students (id.). Nowhere in the email did Petitioner raise the issue of widespread violations and noncompliance, nor did the email address any particular school or students. Said differently, this email appears to be an unremarkable communication to gather information, and not the sort of communication that constitutes a protected activity for purposes of a retaliation claim (see Natofsky, 921 F3d at 354 [employee's email claiming his demotion was "illegitimate and contrary to law" was not a protected activity as it did not specifically allege discrimination]; Frantti, 850 Fed Appx at *21 [employee's email seeking reassignment was not a protected activity because it neither complained of discrimination nor sought an accommodation]). "While it is unnecessary for an individual to specifically invoke the word discrimination when complaining in order to alert her employer to her protected activity, there must be some basis to conclude that the employer was aware that the plaintiff engaged in protected activity" (Lucio v New York City Dept. of Educ., 575 Fed Appx 3, *6 [2d Cir 2014]).
While Petitioner correctly argues that advocacy on behalf of special needs students can constitute a protected activity under the RA, such advocacy must still consist of specific actions to oppose or complain of discrimination. Indeed, all the cases relied upon by Petitioner for this point involve complainants who took actions on behalf of specific students in particular situations (see, e.g., Sturm v Rocky Hill Bd. of Educ., 2005 WL 733778, *1, 2005 US Dist LEXIS 4954, *2 [D Conn, Mar. 29, 2005, No. 3:03CV666 (AWT)] [making specific placement and separation recommendations and negotiating with program administrators]; Lillbask ex rel. Mauclaire v Sergi, 193 F Supp 2d 503, 515 [D Conn 2002] [participation in a student's due process hearings]; Payson v Board of Educ. of Mount Pleasant Cottage School, USFD, 2017 WL 4221455, *3-*4, *6-*7, 2017 US Dist LEXIS 154296, *7-*9, *18-*20 [SD NY, Sept. 20, 2017, No. 14 Civ. 9696 (JCM)] [protesting students' placement decisions, filing complaints with New York State Education Department ("NYSED"), and protesting inadequate counseling services]; Weber v Cranston Sch. Comm., 212 F3d 41, 47 [1st Cir 2000] [making complaints regarding provision of services to a special needs student]). Petitioner's general advocacy for all YPS [*5]special education students is not in the same category.
In sum, the Court does not find Petitioner's email requesting information from YPS school principals to constitute a protected activity for purposes of a retaliation claim. Further, and as to Petitioner's allegation that she also raised her concerns with Jennifer Bobersky, Regional Associate for Special Education Quality Assurance for NYSED, Plaintiff has failed to substantiate this assertion with any competent proof (e.g., by affidavit or copies of communications with Ms. Bobersky).
With respect to Petitioner's allegation that she was wrongfully denied appointment to the speech-language therapist position, there is no evidence in the record before the Court to controvert Dr. McCaskill's assertion that Petitioner was given a screening interview but that there was no vacant position at that time, in February 2025, to which any candidate could have been appointed (see NYSCEF Doc. No. 30, ¶ 21).
Based upon the foregoing, the Court finds that Petitioner has not made out a prima facie case of retaliation given the lack of evidence that Petitioner engaged in a protected activity within the meaning of the RA, ADA, and NYSHRL (see Forrest, 3 NY3d at 313; Treglia, 313 F3d at 720; Natofsky, 921 F3d at 354; Frantti, 850 Fed Appx at *21).
Therefore, the Court does not find that Petitioner was terminated or denied an alternate position in bad faith or for an impermissible or illegal purpose. Respondents have set forth reasons sufficient to support a conclusion that Petitioner's job performance was unsatisfactory, which is all that is required of Respondents at this juncture (see Matter of Johnson, 68 NY2d at 650). While Petitioner strongly disputes Respondents' characterizations of the incidents referenced in the March 25, 2025, counseling memorandum and in Respondents' answering papers, the Court cannot conclude, based on the record in this proceeding, that Respondents' determination was arbitrary and capricious, affected by an error of law, made in violation of lawful procedure, or an abuse of discretion.
Lastly, the Court addresses Petitioner's contention, made in reply, that Respondents continued to retaliate against her following her termination by contesting her eligibility for unemployment benefits (see NYSCEF Doc. No. 35, ¶ 24 et seq.). The New York State Department of Labor initially disqualified Petitioner from receiving unemployment benefits on the basis that Petitioner lost employment due to misconduct (see NYSCEF Doc. No. 37). The Court agrees with Petitioner that the stated reason for disqualification is inconsistent with the reasons given by Respondents for Petitioner's termination, which amount to Petitioner's alleged failure to meet her job expectations. The Unemployment Insurance Appeal Board ("UIAB") subsequently overruled the disqualification decision and awarded Petitioner unemployment benefits (see id.). The UIAB Administrative Law Judge found, based upon the evidence at a hearing, that Petitioner did not neglect to contact students' parents or engage in misconduct and that Petitioner was terminated without any prior warnings (id.). The UIAB's findings, however, are not dispositive of the issues raised in this proceeding and have no preclusive effect (see Matter of Strong v New York City Dept. of Educ., 62 AD3d 592, 593 [1st Dept. 2009]; Matter of Watson v Bratton, 243 AD2d 295, 295 [1st Dept. 1997]; Labor Law § 623[2]). Additionally, the [*6]completeness of the record upon which the UIAB's decision was based is questionable as YSL did not appear and was not represented at the hearing; thus, that determination appears to have been based solely on Petitioner's evidence without rebuttal (see NYSCEF Doc. No. 37).
The parties' remaining contentions, to the extent not rendered academic or explicitly addressed herein, have been considered and found to be unavailing.
Accordingly, for all the foregoing reasons, it is hereby
ORDERED that the petition (motion sequence #1) is denied, without costs or disbursements; and it is further
ORDERED that the Clerk of the Court shall enter judgment accordingly.
This constitutes the Decision, Order and Judgment of the Court.
Dated: January 16, 2026White Plains, New YorkHON. SHERALYN PULVERActing Supreme Court Justice