■ MARY E. WASHINGTON, Also Known as MARY E. EDWARDS, Appellant, v BERNARD M. BARUCH (CITY UNIVERSITY OF NEW YORK) COLLEGE, Respondent. [633 NYS2d 286] —Order and judgment (one paper), Supreme Court, New York County (Emily Jane Goodman, J.), entered May 8, 1995, which denied plaintiff's motions for a default judgment and summary judgment, and granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

The IAS Court properly denied plaintiff's motion for a default judgment on grounds that defendant had timely responded by making its motion to dismiss the complaint.

The court properly concluded that plaintiff's challenge to defendant's 1985 determination, refusing to accept for transfer plaintiff's credits from an unaccredited institution, was barred by the four month period of limitations applicable to CPLR article 78 proceedings. Even if plaintiff's challenge to defendant's determination were not time barred, public policy compels judicial restraint where academic decisions of educational institutions are challenged (*Gertler v Goodgold*, 107 AD2d 481, 485, *affd* 66 NY2d 946).

Finally, the IAS Court properly concluded that the Court of Claims is vested with exclusive jurisdiction over plaintiff's defamation claim against defendant (Education Law § 6224 [4]), and correctly declined to transfer her claim to that court because plaintiff had failed to show that she had met the filing requirement of the notice of claim. We also note plaintiff did not satisfy CPLR 3016 (a) which requires specification of the defamatory words. We have considered plaintiff's remaining contentions and find them to be without merit. Concur— Ellerin, J. P., Wallach, Nardelli and Williams, JJ.