Matter of A.Z. v City Univ. of N.Y., Hunter Coll. (2021 NY Slip Op 05070)





Matter of A.Z. v City Univ. of N.Y., Hunter Coll.


2021 NY Slip Op 05070


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Webber, J.P., Mazzarelli, González, Scarpulla, Pitt, JJ. 


Index No. 155561/20 Appeal No. 14202 Case No. 2020-04908 

[*1]In the Matter of A.Z., Petitioner-Appellant,
v
City University of New York, Hunter College, Respondent-Respondent.


Stewart Lee Karlin Law Group, P.C., New York (Daniel E. Dugan of counsel), for appellant.
Letitia James, Attorney General, New York (David Lawrence III of counsel), for respondent.



Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about November 17, 2020, denying the petition challenging respondent City University of New York, Hunter College's (CUNY) determination, which denied petitioner academic transfer credits, and granted respondent's cross motion to dismiss the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner was admitted to Hunter College, a CUNY school, as a transfer student from Pace University, a non-CUNY school, for the Spring 2020 semester. Petitioner sought to transfer 55 credits to Hunter College for courses he took while at Pace University. Hunter College denied the transfer of nine credits.
In an article 78 challenge to an agency determination for which "no administrative hearing was required, judicial review is limited to whether the determination was irrational, arbitrary and capricious, or contrary to law" (Matter of Madison County Indus. Dev. Agency v State of N.Y. Auths. Budget Off., 33 NY3d 131, 135 [2019]; see also CPLR 7803 [3]). "Administrative action is irrational or arbitrary and capricious if 'it is taken without sound basis in reason or regard to the facts' " (id., quoting Matter of Wooley v New York State Dept. of Correctional Servs., 15 NY3d 275, 280 [2010]). "If a determination is rational, it must be sustained even if the court concludes that another result would also have been rational" (Matter of Madison County Indus. Dev. Agency at 135).
Here, respondent's determination to deny petitioner transfer credits for four courses he took while a student at a non-CUNY university was rational, and not arbitrary and capricious (see Washington v Baruch [City Univ. of N.Y.] Coll., 221 AD2d 163, 163 [1st Dept 1995]). The record established that for two of the four courses, petitioner failed to fulfill Hunter College's published policy requirement that he achieve a grade of "C" or better. The other two courses were rationally deemed "[f]reshman orientation/experience courses" and "[d]evelopmental courses" which, pursuant to the policy, were not transferrable.
Petitioner's argument that the transfer policy was arbitrary and capricious because it accepted credits from courses taken at other CUNY institutions with lower grades than those taken at non-CUNY schools is unavailing (see Olsson, 49 NY2d at 413; Matter of McIntosh v Borough of Manhattan Community Coll., 78 AD2d 839 [1st Dept 1980], affd 55 NY2d 913 [1982]).
Furthermore, petitioner failed to show that respondent's determination was made in bad faith or in a discriminatory manner (see Matter of Dequito v New School for Gen. Studies, 68 AD3d 559, 559 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021