Dowlah v American Arbitration Assn. (2023 NY Slip Op 05658)

Dowlah v American Arbitration Assn.

2023 NY Slip Op 05658

Decided on November 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 09, 2023

Before: Webber, J.P., Friedman, Kennedy, O'Neill Levy, JJ. 

Index No. 653197/22 Appeal No. 984 Case No. 2023-00150 

[*1]Caf Dowlah, Plaintiff-Appellant,
v
American Arbitration Association (AAA), et al., Defendants-Respondents.

Caf Dowlah, appellant pro se.
Strikowsky Drachman & Shapiro, New York (Theodore L. Hecht of counsel), for American Arbitration Association, respondent.
Letitia James, Attorney General, New York (David Lawrence III of counsel), for City University of New York, respondent.
Levy Ratner, P.C., New York (Patricia McConnell of counsel), for Professional Staff Congress/City University of New of New York, respondent.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla (Adonaid C. Medina of counsel), for Deborah Gaines, respondent.

Order, Supreme Court, New York County (William Perry, J.), entered January 3, 2023, which granted defendants' motions to dismiss the complaint, unanimously affirmed, without costs.
The court lacked subject matter jurisdiction over the claim against defendant City University of New York (CUNY) because any claims of misconduct by CUNY's counsel with respect to the selection of the arbitrator must be brought in the Court of Claims, which has exclusive jurisdiction over tort claims based on conduct by a CUNY senior college (Education Law §§ 6202[5], 6224[4][b]; see Washington v Baruch [City Univ. of N.Y.] Coll., 221 AD2d 163, 164 [1st Dept 1995], lv denied 87 NY2d 1003 [1996]). We reject plaintiff's assertion that Supreme Court has jurisdiction over Queensborough Community College, where plaintiff was employed, because it is a community college rather than a senior college. The gravamen of plaintiff's complaint is not that Queensborough terminated his employment, but that the Office of the General Counsel, a part of CUNY's central administration, wrongfully selected defendant Deborah Gaines as the arbitrator (see Education Law § 6202[5] [defining a "senior college" to include "an administrative institution"]).
The complaint is also barred on the basis of res judicata and collateral estoppel. On plaintiff's previous appeal, in which he also sought to set aside the arbitration award, this Court rejected the same argument that he makes in this action — namely, that the arbitration award is invalid and must be set aside under CPLR article 75 because the arbitration proceeding was improper and because the findings by arbitrator Gaines were unsupported by the record and were arbitrary and capricious (see Matter of Dowlah v City Univ. of N.Y., 189 AD3d 533, 534 [1st Dept 2020]). That plaintiff has pleaded different causes of action and included new parties is of no moment. Although the parties in both actions are not identical, plaintiff, the party against whom preclusion is sought, was a party in the earlier action (see Rojas v Romanoff, 186 AD3d 103, 108 [1st Dept 2020]). In addition, the current claims are based on the same transaction as in the earlier action, and are therefore barred even though they are based upon different theories (see Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 12 [2008]; Matter of Benjamin v New York City Dept. of Educ., 119 AD3d 440, 441 [1st Dept 2014], lv denied 24 NY3d 907 [2014])
Dismissal of the complaint is warranted on other grounds, as well. Both AAA and Gaines are protected by immunity, as their acts were performed in their arbitral capacity (see Trojan v Cipolla & Co., 172 AD3d 569, 569 [1st Dept 2019]). As for defendant Professional Staff Congress/CUNY (PSC) the complaint fails to plead, as is necessary to sustain a claim against an unincorporated association, that the entire membership authorized and later ratified its actions (see Palladino v CNY Centro, Inc., 23 NY3d 140, 149-150 [2014]). Supreme Court [*2]also properly dismissed the aiding and abetting fraud causes of action as against both CUNY and PSC because they were not pleaded with the requisite particularity (CPLR 3016[b]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2023