Alvarado v Local 1549 N.Y.C. (2026 NY Slip Op 00969)

Alvarado v Local 1549 N.Y.C.

2026 NY Slip Op 00969

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Friedman, Chan, Hagler, JJ. 

Index No. 155407/24|Appeal No. 5896|Case No. 2025-02827|

[*1]Oscar Alvarado, Plaintiff-Appellant,
vLocal 1549 — N.Y.C. Clerical Administrative Employees, et al., Defendants-Respondents.

Ballon Stoll P.C., New York (Marshall B. Bellovin of counsel), for appellant.
Cohen, Weiss and Simon LLP, New York (Melissa S. Woods of counsel), for respondents.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about April 7, 2025, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
In this action for unpaid wages, plaintiff alleges that he was "hired by Local 1549 under the purview of [defendant DC 37] and AFSCME as a Coordinator of Strategic Planning and Special Projects," and that "[d]efendants terminated [p]laintiff without explanation and refused to pay him any severance pay."
Plaintiff alleges that he was a member of DC 37's professional employees' union, the Federation of Field Representatives (FFR), "which has a [CBA] with . . . DC 37." The CBA provides that "[s]everance pay shall be paid to an employee . . .who is discharged," and that employees hired after 2005 "accrue severance pay of one week's pay for every 12 months of service." Plaintiff further alleges that the DC 37 Employee Manual similarly states that "[s]everance pay shall be paid to employees who are discharged" and "shall amount to one week's pay for each full year of service." Plaintiff specifically alleges that his "employment relationship" with defendants "was governed by [the] Employee Manual with DC 37 and a Union Contract [i.e., the CBA] between DC 37, AFSCME, and [FFR]." In his complaint plaintiff asserts causes of action for violation of New York Labor Law § 198-c, breach of contract, implied contract, promissory estoppel, and quantum meruit.
Plaintiff's cause of action pursuant to Labor Law § 198-c was properly dismissed because that specific provision of the Labor Law does not create a private right of action (see e.g. Stoganovic v Dinolfo, 92 AD2d 729, 729 [4th Dept 1983], affd 61 NY2d 812 [1984]). In any event, the claim pursuant to § 198-c is preempted by the federal Employee Retirement Income Security Act (see Gilbert v Burlington Indus., Inc., 765 F2d 320, 327-328 [2d Cir 1985]).
We affirm the dismissal of plaintiff's contract and quasi-contract claims "for reasons other than those stated by the motion court" (J. Remora Maintenance LLC v Efromovich, 103 AD3d 501, 501 [1st Dept 2013], lv denied 21 NY3d 862 [2013]). While the court did not reach defendants' argument based on the unions' status as unincorporated associations, we affirm on that ground. Plaintiff was required to, but did not, plead "that the entire membership authorized and later ratified [defendants'] actions" (Dowlah v Am. Arbitration Assn., 221 AD3d 426, 427 [1st Dept 2023], lv denied 41 NY3d 910 [2024]), as required by Martin v Curran (303 NY 276, 280 [1951]; see Palladino v CNY Centro, Inc., 23 NY3d 140, 146 [2014]). Plaintiff's contract and quasi-contract claims against his union employer do not fall within the "narrow exception to the Martin rule" for "suit[s] by a union member against a union arising from wrongful expulsion" (id. at 147-148).
We have considered plaintiff's additional arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026